BOLIN, Judge.
Pursuant to LSA-R.S. 48:441 et seq. plaintiff expropriated 19.726 acres out of a 708-acre farm owned by defendant in Madison Parish for relocating U. S. Highway #65. The Department of Highways’ appraisers estimated the value of the acreage taken to be $7,970, which sum was deposited in the registry of the court and withdrawn by defendant. It was stipulated the land taken had a value of $400 per acre or ■'$7890.40. Following trial the lower' court awarded defendant an additional $14,468 as severance" damages and $2400 for the destruction of sixteen pecan trees from which judgment plaintiff appeals.
The questions for decision are whether the landowner has sustained severance damages and, if so, how much, and whether producing grafted pecan trees are com-pensable separately or whether their value should be considered in arriving at the valuation of the land expropriated.
Prior to the relocation of the highway defendant owned and operated a well-improved and highly productive farm consisting of approximately .708 acres in rectangular form in one unit. The Department of Highways expropriated a strip of land in varying widths but averaging approximately 120 feet wide entering the land at the southwest corner and extending northeasterly to the north boundary. The construction of this highway left approximately 157.3 acres lying west and 531.2 acres lying east of the road. That portion of the farm .west of the highway was in a long triangular shape coming to an extremely sharp point at the south end thereof.
Prior to the construction of the new highway defendant’s land had no road frontage but there was an adequate access road to the existing state highway making the land valuable as a one-unit farm. Defendant contends the construction of the highway, so as to divide his farm land, damaged the overall value of his remaining property. Plaintiff, on the other hand, takes the position the relocation of the highway in no way lessened the value of the remainder of the land but, to the contrary, provided road frontage to the land, which enhanced the value of the remaining property.
The issue relating to severance damages is purely factual. Numerous experts gave their opinions on this question. We conclude, as did the lower court, that all the experts were qualified and, for this reason, their testimony should be given consideration. This leaves the court in a difficult situation since all the experts testifying for defendant were of the opinion the remainder of the land was substantially damaged as the result of being divided by the highway and such damage would cause a diminution of its market value, whereas plaintiff’s witnesses were just as positive the highway would render the remaining property more valuable.
- We conclude defendant’s property has been damaged by the relocation of the highway in such a manner as to bisect his farm. However, we find ourselves in disagreement with the trial judge as to the amount of such damages.
The evidence reflects that of the 157.3 acres remaining on the west side of the road 25 acres comprised a sharp triangular tract between the highway and a *618 bayou. There was some testimony this tract would be rendered of little value because cultivation thereof would be impossible due to the impossibility of maneuvering large farm equipment in such a narrow, sharp-pointed area. However, one of defendant’s experts testified this tract was not damaged in value. Plaintiff’s witnesses were uniform in their conclusions there was no severance damage to this triangular area. There was testimony a large quantity of dirt was sold from this area between the time of the taking and the time of trial, which would offset any diminution in value. Since severance damages are fixed as of the date of trial (La.R.S. 48:453) we conclude the lower court erred in awarding $2500 for damage to this 25 acres.
Of the remaining acreage, defendant’s witnesses estimated the severance damages ranging from $2625 to $7380 on the west side, and from $2450 to $9343 on the east side. As previously stated, plaintiff’s experts testified there was no severance damage. The lower court awarded $2650 for damage to the west side and $9343 for the east side. We find these awards are excessive. The testimony showed the land near the fences on both sides of the road would be difficult to cultivate and new turn rows would have to be made. Further, large farm machinery would necessarily have to be transported across the bisecting highway. Such things as these would adversely affect the market value of a farm formerly contained in one unit. However, we feel the damages are not substantial and consider a total award of $5000 as severance damages to the entire tract to be more reasonable and in line with the testimony of all witnesses.
Whether separate compensation should be allowed for the 16 pecan trees located on the property expropriated is a legal question involving the interpretation of La. R.S. 48:218:
“ * * * In expropriating lands for rights of way, if any improvement of the landowner or any crops upon the land are damaged or destroyed by the location of the right of way, the owner may recover compensation, in addition to the compensation for the property or the right of way, for the actual injury to or destruction of the improvement or crop.”
The Department of Highways contends no separate award should be made. It relies on three cases, particularly State of Louisiana, through Department of Highways v. Glassell, 226 La. 988, 77 So.2d 881 (1955), in which the landowner’s claim for $2000 as additional compensation for 30 pecan trees situated in the right-of-way was rejected. The court said:
“The pecan trees in the instant case were not grown on the land as a special crop by defendant; they are native pecans which have sprung up indiscriminately on different parts of the land. Therefore, the value cannot be regarded as constituting a separate item of damage to defendant and should have been considered by the judge only in determining the value of the land on which they were located (cases cited). Clearly, an award of separate compensation for these pecan trees is unauthorized and would be inconsistent with LSA-R.S. 48:218 which provides, inter alia, that for any improvement of the land or any crops upon the land that are damaged or destroyed by the location of the highway right-of-way, ‘ * * * the owner may recover compensation, in addition to the compensation for the property or the right of way, for the actual injury to or destruction of the improvement or crop’.”
In Parish of East Baton Rouge v. Edwards, 119 So.2d 175, La.App. 1 Cir. (1960), a claim for separate valuation of trees was likewise rejected, the Appellate Court stating:
“The award by the District Court was for the right of way, including two trees located thereupon. Although the defendant landowners argue in brief that they *619 are entitled to additional award for these two trees, the testimony of their realtors makes plain that these witnesses included the [valuation] of the trees in arriving at the acreage value of the tract. The testimony as a whole indicates that the value of the loss of these two trees (of the 26 located upon the entire tract) was proportionate to the value of the land taken and did not cause by way of severance damage any loss in value of the remainder of the tract.”
The next case cited by the Department of Highways is State of Louisiana, through Department of Highways v. Matise, 170 So.2d 709, La.App. 1 Cir. (1964). The court there found the loss of a pine thicket used by the landowner to protect his strawberry crop was not compensable. The court’s reasoning was that new techniques had been evolved to protect strawberry crops and the record was devoid of clear evidence that the pine thicket actually added to the value of the farm. That case is not decisive of the issue in the instant case.
Relied on by appellee is the case of State, through Dept. of Highways v. Henderson, 138 So.2d 597, La.App. 3 Cir. (1962) in which the court discussed the question of whether plants growing in the soil but not actually harvested as crops came under the provision of the cited statute allowing additional compensation for such plants. In deciding the issue the court stated:
“[2] Plaintiff contends further that if we hold the nursery stock to be immovable by nature, a serious problem will arise as to the measure of compensation to be awarded. Plaintiff argues that the only way we can consider the value of the nursery stock is insofar as it adds to, or detracts from, the value of the land for its highest and best use which is commercial purposes. This argument has no merit. We, like the trial court, are of the opinion that compensation should be allowed for this nursery stock as in the case of growing crops. We are aware that this constitutes an exception to the traditional definition of crops, as being harvested annually, but in all other respects this nursery stock is the same as a crop. It has been planted, cultivated, sprayed, and cared for like any other crop. It was intended to be dug from the soil and sold. Therefore, for the purposes of these expropriation proceedings we are of the opinion it should be treated as a crop and damages allowed for the value thereof at the time of its destruction under the provisions of LSA-R.S. 48:218 which reads in part as follows :
“ ‘In expropriating lands for rights of way, if any improvement of the landowner or any crops upon the land are damaged or destroyed by the location of the right of way, the owner may recover compensation, in addition to the compensation for the property or the right of way, for the actual injury to or destruction of the improvement or crop.’
“We do not find this conclusion in conflict with State of Louisiana, Through Department of Highways v. Glassell, 226 La. 988, 77 So.2d 881 (La.S.Ct. 1955) in which the court held native pecan trees * * * could not be regarded as constituting a separate item of damages and ‘ * * * sjhould have been considered by the judge only in determining the value of the land on which they were located * * *.’ In the instant case the nursery stock was not composed of native trees and was grown as a special crop.”
We conclude grafted producing pecan trees from which are regularly gathered pecans in paying quantities are “crops” within the meaning of La.R.S. 48:218 and the landowner should be compensated for their “actual injury * * * or destruction”. Plaintiff’s experts gave no estimate of damages for loss of the pecan trees and the only evidence as to their value was from defendant’s witnesses. We find the evidence amply supports the trial judge’s award of $2400 for their destruction.
*620 For the reasons assigned the second paragraph of the judgment appealed from is amended so as to read:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of defendant, Edward W. Williams, and against the Plaintiff, the State of Louisiana, through the Department of Highways, in the sum of FIFTEEN THOUSAND, TWO HUNDRED NINETY AND 40/100 ($15,-290.40) DOLLARS, subject to a credit in the amount of SEVEN THOUSAND, NINE HUNDRED SEVENTY AND NO/100 ($7,970.00) DOLLARS, the sum heretofore deposited in the registry of this Court by Plaintiff and previously withdrawn therefrom by Defendant; together with interest on the sum of SEVEN THOUSAND, THREE HUNDRED AND TWENTY AND 40/100 ($7,320.40) DOLLARS at the rate of five per cent (5%) per annum from July 25, 1961, until paid, together with all costs.”
Otherwise, the judgment appealed from is affirmed at appellant’s cost.