CULPEPPER, Judge.
For the purpose of widening an existing street in the city of Lafayette, plaintiff expropriated a strip from the front of defendant’s land and a substantial portion of a frame residence. At the time of the taking, the State deposited $6,155, being $2,-290 for the land taken, $1,500 for improve *96 ments, and $2,365 for severance damages to the remaining land. Defendant answered, demanding $39,000. After a trial, the district judge awarded defendant $7,595.05, being $2,318.08 for the land taken (579.52 square feet at $4 per square foot); $1,000 for the salvage value of the frame residence, and $4,276.97 for severance damage to the remaining land (1,782 square feet at 60% of $4). Defendant appealed. Plaintiff answered the appeal, seeking a reduction in the fees awarded to defendant’s expert witnesses.
There is no dispute as to the value of the land taken or the severance damages to the remainder. The substantial issue concerns the award for the frame residence. The State contends the property is best suited for commercial use, and hence the frame residence contributes nothing to the value of the land and has only a salvage value of $1,000. Defendant contends that for the sum of $1,000 the residence could have been converted to an office building or similar commercial use and had a value of $7,500.
Essentially, the appraisal problem presented is that this property is located in a residential area of the city of Lafayette, which is changing to commercial use for offices, small shops, etc. The lot owned by defendant is relatively small, approximately 35 feet of frontage with a depth of about 65 feet. The frame residence, which covers almost the entire lot, is approximately 20 years old. Its replacement cost is about $16,000 and it has a depreciated value of approximately $7,500 for residential use. For commercial use, without the residence, the land is valued at $4 a square foot, but for residential use, with the building, the land has a value of only $1.25 per square foot. Hence, the problem is whether the residence can be converted to some commercial use which would contribute to the value of the land.
The district judge correctly ruled on this issue as follows:
“Both of the State’s appraisers were of the opinion that the building had no commercial value and had a salvage value of only $1,000. Mr. Babineaux, one of the defendant’s appraisers, was of the opinion that the residence could have been converted for general business and would have lent itself for office space. He testified that the conversion could be accomplished for the sum of $1,000.00. However, the evidence shows that this was just an on-the-spot estimate and that he had no research or facts to substantiate his position. The Court is of the opinion that the building was suitable for conversion to an office building. However, there is nothing in the evidence to indicate to the Court the cost of conversion and the only proper way that the Court could give a value of the construction taken would be to deduct from its value at the time of the taking the conversion cost. Lacking this information, this Court is obliged to adhere to the opinions of the State’s appraisers and place a salvage value on the building in the amount of $1,000.”
Applicable here is the rule that in expropriation matters the defendant has the burden of proving his loss with reasonable certainty, State v. Levy, 242 La. 259, 136 So.2d 35 (1962); State, through Dept. of Highways v. Lancon, 174 So.2d 257 (La.App. 3rd Cir. 1965); LSA-R.S. 48:453. Defendant has not sustained this burden.
On appeal, the landowner makes an additional argument that the State’s own expert witness, Mr. Maurice J. Chappuis, appraised the property for residential use at the sum of $10,580, being $7,300 for the improvements, $815 for the land taken, and $2,465 for severance damages to the remainder. Defendant argues that in no event should the award be less than this appraisal of $10,580 by the State’s own witness. What this argument ignores is that for residential purposes the remaining land, only 1782 square feet, would have practically no value. Mr. Chappuis estimated the value of the remainder for residential purposes is $100. However, for commercial use, this remainder, although *97 small, will have substantial value. Using 60% as the measure of severance damage, this leaves 40%, or the ^um_ of $1.60 per square foot, for the remainder (40% of $4 equals $1.60). The 1782 square feet remaining at $1.60 per square foot totals $2,851, which added to the trial court’s award of $7,559 is $10,410. This is very near the figure given by Mr. Chappuis.
The State answered the appeal, seeking a reduction in the fee of $850 awarded to each of defendant’s two expert appraisers. The record shows that these two appraisers, Jessie J. Guidry and Preston Babineaux, submitted a joint appraisal report consisting of about 20 pages, approximately one-half of which is standard information concerning the qualifications of the two appraisers and general information concerning the city of Lafayette. They appraised this property before the taking at $16,700 and estimated the total compensation and damages due the landowner at $14,900. For these services each appraiser submitted a bill for $900, being $750 for appraisal services and $150 for appearance in court on one day.
Under cross-examination these experts testified they visited the property once or twice and had three or four conferences at the office of defendant’s attorney. They also searched the record for recent comparable sales.
In State v. Donner Corporation, 236 So. 2d 841 (La.App. 3rd Cir. 1970) we stated that factors to be considered by the court in fixing expert appraisers’ fees include the amount in controversy, the degree of learning or skill required and the time employed. Applying these tests to the present case, we find that the amount involved is relatively small, and the time spent by these two appraisers was not great. Essentially, this was only one appraisal representing the combined efforts of two experts. Neither one alone made a complete appraisal. We think only a total of $850, or $425 each, should be allowed.
For the reasons assigned, the judgment appealed is amended to reduce the expert witness fees to Preston Babineaux and Jessie Guidry to the sum of $425 each. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed, as amended.