DOMENGEAUX, Judge
(dissenting in part).
With all due respect for my learned brothers of the majority, I am unable to accede to their ruling regarding the pecan trees.
Grafted, producing pecan trees from which pecans are regularly gathered in paying quantities were, as pointed out by the majority, specifically held to be crops within the meaning of LSA-R.S. 48:218 in State, Department of Highways v. Williams, 210 So.2d 616 (La.App., 2nd Cir. 1968). That case, while not controlling in this court, is certainly of persuasive value and, in my opinion, entitled to greater consideration than has been accorded to it.
This seems especially true in view of our Supreme Court’s language in State of Louisiana, Through Department of Highways v. Glassell, 226 La. 988, 77 So.2d 881. Therein the Court denied recovery for the destruction of thirty native pecan trees which had been found by the trial judge to be “of very slight value”. In doing so the Supreme Court gave its reasons thusly:
. The pecan trees in the instant case were not grown on the land as a special crop by defendant; they are native pecans which have sprung up indiscriminately on different parts of the land. Therefore, their value cannot be regarded as constituting a separate item of damage to defendant and should have been considered by the judge only in determining the value of the land on which they were located. .
The majority concedes that the Court in Glassell implied that had the trees been grafted pecan trees a different result might have been revealed. I agree, and I consider the implication so strong as to indicate that my brothers have wandered astray in disregarding it. I therefore conclude, as did the Second Circuit, that grafted, producing pecan trees from which pecans are regularly gathered in paying *308 quantities are “crops” within the intent of LSA-R.S. 48:218.
The argument advanced by plaintiff, and accepted by the majority, that the value of the trees should be disregarded because they would contribute little or nothing to the highest and best use of the property, was summarily rejected by this Court ten years ago in State v. Henderson, 138 So.2d 597 (La.App., 3rd Cir.), in the following words:
Plaintiff argues that the only way we can consider the value of the nursery stock is insofar as it adds to, or detracts from, the value of the land for its highest and best use which is commercial purposes. This argument has no merit. We, like the trial court, are of the opinion that compensation should be allowed for this nursery stock as in the case of growing crops. .
The majority distinguishes between crops and improvements and concludes that, “Within the meaning of the statute [LSA-R.S. 48:218], the trees constitute only an ‘improvement’, similar to a building or a fence.” The statute in question provides that:
In expropriating lands for rights of way, if any improvement of the landowner or any crops upon the land are damaged or destroyed by the location of the right of way, the owner may recover compensation, in addition to the compensation for the property or the right of way, for the actual injury to or destruction of the improvement or crop. (Emphasis mine)
It is clear from the unambiguous terms of the statute that the landowner is entitled to recover, in addition to that paid for the land itself, compensation for either improvements or crops that are damaged or destroyed by the expropriation. It therefore does not really matter whether the trees be considered improvements or crops, as in either case the statute requires that compensation be paid for their loss.
For the foregoing reasons I would hold that the defendant in the case at bar is entitled to recovery for the destruction of his trees, and that in denying such recovery the trial court committed an error of law.
All of the evidence regarding the value of the pecan trees was presented by defendant’s experts, as plaintiff’s experts did not make a separate appraisal of the trees. The value placed on each tree was $400.00 and was reached through consideration of the age, condition, productivity, and estimated productive life of the trees. Also taken account of were the value of the pecan crop and the cost of harvesting it. Especially in view of the fact that it is un-contradicted I cannot say that the value placed on these pecan trees is either excessive or inadequate, and I am therefore of the opinion that the defendant should be awarded an additional $5,200.00 representing the value of thirteen pecan trees at $400.00 each.
Accordingly I must respectfully dissent from that portion of the majority opinion denying recovery for the loss of the pecan trees.