MILLER, Judge.
Plaintiff Highway Department expropriated 1.437 acres from defendant John Luster’s 4.307 acre tract. The tract fronted 201.22 feet on Louisiana Highway 1 and is located just south of the Natchitoches City Limits. The property was taken to provide for the construction of a four-lane concrete paved roadway to replace the present two-lane road.
On January 18, 1971 the property was expropriated under the provisions of LSA-R.S. 48:441-48:460 when the Highway Department deposited $10,877.00 as its estimate of just compensation for the taken land and improvements. Luster withdrew the deposit and filed answer claiming an increase in compensation to $28,383.69 for the land, improvements and alleged severance damages. The trial court denied the claim for severance damages, but increased the award to $20,122 for the land, $1,800 for four outdoor signboards, and $900 for six pecan trees. The Highway Department appealed. We affirm.
The Highway Department contends that the “average unit price” concept should be used instead of the “front land-rear land” concept and that the award of $900 for the pecan trees should be deleted.
The highest and best use of the taken tract was highway commercial property. The trial court was convinced that the taken tract had a value of $100 per front foot. An adjacent tract similar in size to Luster’s taken tract was sold for $100 per front foot immediately before this tract was taken. The Highway Department appraisers were of the opinion that the adjacent tract was worth some $16,000 per acre while Luster’s tract was worth only some $6,500 per acre. They reasoned that all of Luster’s neighbor’s property was being valued whereas after the taking, Luster was left with Highway frontage to a depth of some 600 feet. The trial court rejected this reasoning citing LSA-R.S. 19:9, which states:
“In estimating the value of the property to be expropriated, the basis of assessment shall be the value which the property possessed before the contemplated improvement was proposed, without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.”
The “front land-rear land” appraisal accepted by the trial court has been repeatedly approved by this court as a proper concept for determining just and adequate compensation. State, Department of Highways v. Blair, 273 So.2d 562 (La.App. 3 Cir. 1973) and cases therein cited.
There is no manifest error in the trial court’s accepting expert testimony to the effect that the taken 1.4 acres had a value of $100 per front foot. The award of $20,122 for the land is affirmed.
The Department contends that the six pecan trees did not contribute to the commercial value of the taken tract; that we are confronted with a situation almost identical to a situation in which a commercial lot is entirely occupied by a residential building which is not capable of being converted to commercial use. In such a situation (the Department argues), in determining the value which the building contributes to the commercial value of the land, its replacement cost or depreciated value are not relevant. The only real worth the building has is whatever its salvage value may be, because the building must be removed before the commercial value of the land can be realized. See State, Department of Highways v. LeBlanc, 254 So.2d 95 (La.App. 3 Cir. 1971); State, Department of Highways v. Bernard, 271 So.2d 303 (La.App. 3 Cir. 1972).
This impressive argument has merit and was accepted by another panel of this court in the Bernard case. But this panel adopts the reasoning in the dissenting opinion in the Bernard case. 271 So.2d 303 at *183 307.[1] State, Department of Highways v. Williams, 210 So.2d 616 (La.App. 2 Cir. 1968) specifically held that grafted producing pecan trees are “crops” within the meaning of LSA-R.S. 48:218.
Alternatively the Department submits that the award for pecan trees is too high. It is argued that Luster’s grafted pecan trees did not produce every year. The appraisers and the trial court considered this factor in concluding that the trees had a value of $150 per tree rather than the $400 per tree awarded in Williams.
We find no manifest error in the trial court’s determination that the rule of the Williams case was applicable.
The trial court judgment is affirmed at appellant’s costs, except insofar as LSA-R.S. 13:4521 is applicable.
Affirmed.

. The writer alone notes that the peean trees may be classified as “improvements” within the meaning of LSA-R.S. 48:218, which provides:
“ . . . [i]n expropriating lands for rights of way, if any improvement of the landowner . . . are damaged or destroyed . . . the owner may recover compensation, in addition to the compensation for the property or the right of way, for the actual injury to or destruction of the improvement or crop.” (Emphasis added.)
See dissent from refusal to grant rehearing in State, Department of Highways v. Blair, 273 So.2d 562 at 565 (La.App. 3 Cir. 1973), writ granted April 12, 1973, La., 275 So.2d 783 (1973).
NOTE: The State did not apply for rehearing in Blair, so the “front land-rear land” issue is not up for review. The writ was granted to review just and adequate compensation for owners’ improvements.