285 So.2d 212 (1973)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Elbert Lee BLAIR et ux.
No. 53381.
Supreme Court of Louisiana.
October 29, 1973.
Rehearings Denied November 30, 1973.
*213 F. Jean Pharis, Pharis & Pharis, Alexandria, for defendants-applicants.
D. Ross Banister, Jesse S. Moore, Jr., William W. Irwin, Jr., Johnie E. Branch, Jr., Jerry F. Davis, Baton Rouge, for plaintiff-respondent.
DIXON, Justice.
On application of the defendants in this expropriation case, we granted writs to review the Court of Appeal reversal of the trial court award for trees and plants on land taken for highway purposes. (See State of Louisiana, Through the Department of Highways v. Blair, 273 So.2d 562 (1973).
Defendants' tract of land contained about four and one-half acres. A little less than one-half acre with improvements was expropriated. The trial court's award for the land and improvements taken was, in the main, affirmed by the Court of Appeal. However, the trial court made an additional award for trees, flowers, shrubs and the like in the amount of $11,674.25. This award was reduced by the Court of Appeal to $2,500.00.
The reduction in the award by the Court of Appeal was based upon the proposition that the flowers, trees, shrubs, etc. added only about $2,500.00 to the market value of the land taken. The trial court cited as its authority State v. Williams, 210 So.2d 616 (La.App.1968), where there was an award for $2,400.00 for the destruction of sixteen grafted, bearing pecan trees, and State v. Henderson, 138 So.2d 597 (La. App.1962), where there was an additional award for nursery stock growing on the land taken.
The Court of Appeal concluded that "under the jurisprudence, landowner is entitled only to market value of the land plus severance damages" (State v. Blair, 273 So.2d 562, 565), and reduced the award to $2,500.00. The real estate appraisers who testified for the defendants had concluded that the trees and plants added only $2,500.00 to the market value of the lot.
Defendant Blair was a landscape architect, having graduated from L.S.U., and licensed as a landscape architect, landscape gardener and a horticulturist. He was employed at the postoffice, and realized almost half of his total income from his horticultural pursuits. For this purpose Blair maintained an office on the property. The property involved was his home, which he had occupied since 1949. From the beginning, Mr. Blair followed a plan for the landscaping of his property. His object was not only to beautify the property, but to grow varieties of plants from which he could take samples to demonstrate to clients and to which he could bring clients so they might see the particular kind of plant in its growing state when making decisions about landscaping. Plants were not sold from the Blairs' yard, and were, consequently, not in the same category as nursery stock in the Henderson case.
The defendant furnished an inventory of the botanical specimens which he had planted and grown and which were located on his property at the time of the taking. The inventory consisted of sixty-five different botanical names of plants and shrubs and twenty-one different varieties of trees. The specimens of each ranged from one to ninety-five, and some specimens are inventoried in "clumps," such as thirty clumps of arborvitae fern and eight clumps of holly fern.
The land taken did not include all the plants inventoried, but Mr. Blair contended that those which remained had lost their value, because they could no longer be used to demonstrate the wide variety of plantings which could be satisfactorily employed in the Alexandria area. The plants listed were located on the front two hundred feet of Mr. Blair's property; the highway department expropriated a tract of about one hundred twenty feet in depth across the approximate one hundred sixty foot frontage of the Blair property.
*214 Article 1, § 2 of the Louisiana Constitution of 1921 provides:
"Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid."
Both Louisiana Civil Code article 2633 and R.S. 19:9 provide:
"In estimating the value of the property to be expropriated, the basis of assessment shall be the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work."
The fair market value is not the only measure of "just and adequate compensation," although the general rule is that the measure of compensation in expropriation proceedings is market value, "There are exceptions to this rule. In cases where there is no market value for a resident sought to be expropriated, the intrinsic value, or its value to the owner, must be taken into consideration; otherwise he might be deprived of his property without just and reasonable compensation." Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295, 298 (1942).
State v. Glassell, 226 La. 988, 77 So.2d 881, decided by this court in 1955, is not applicable. The trees involved in the Glassell case were native pecan trees growing indiscriminately, not planted for nor used for harvesting a crop of pecans.
The only evidence of the value of the plantings taken in the case before us is contained in the testimony of two horticulturists who testified on behalf of the defendants. Their testimony was not contradicted by the State's appraisers. The State's appraisers who testified were not qualified to value plants, and only attributed such value to the plants as, in their judgment, represented a portion of the market value of the land itself. Some of the appraisers referred to the "over abundance" of the trees, plants and shrubs on the Blair property.
That testimony was similar to the position of the State in State v. Crossland, 207 So.2d 898 (La.App., 1968). In the Crossland case, the highway department attempted to restrict the compensation to be paid to the landowner for the taking of his dwelling to "market value." The dwelling involved was a two-story affair which served as a home for an engineer, and had been constructed in such a way that it was also serviceable as a fallout shelter and a bomb shelter. The State's position was that Crossland had "overbuilt" and the structure was "superadequate." 207 So.2d 898, 902. The fair market value test was found inapplicable; the court found that just and adequate compensation required an increase in the award from $31,631.20 to $52,271.31 for the building.
The same court had used the replacement cost, less depreciation, as a measure of damages to a school board in 1964 when junior high school property was expropriated for highway purposes in State v. Ouachita Parish School Board, 162 So.2d 397.
State v. Crockett, 151 So.2d 496 (La. App.1963) was cited as approving the principle that when the character of the property is not susceptible to the application of the doctrine of market value, an award may be based on "so-called actual or intrinsic value." See also Orleans Parish School v. Montegut, Inc., 255 So.2d 613 (La.App.1971), where a landowner was compensated for plans and preparations (piling had been driven for a foundation) to construct improvements on property taken, over and above the market value of the land.
We do not believe that the trees and plants involved in this case constitute crops, as in the Williams and Henderson cases. However, R.S. 48:218 requires *215 compensation to the landowner, not only for crops taken, but also for injury and destruction to "improvements."
"In expropriating lands for rights of way, if any improvement of the landowner or any crops upon the land are damaged or destroyed by the location of the right of way, the owner may recover compensation, in addition to the compensation for the property or the right of way, for the actual injury to or destruction of the improvement or crop."
The defendant in this case has clearly demonstrated that his horticultural specimens are improvements. They were planted and grown, not only for the purpose of improving the appearance of his home, but for the actual use in a business pursuit, to exhibit to clients interested in the possibilities of landscape architecture.
We are not prepared to say that the trees and shrubs which remain on the portion of the Blair property which was not taken are of no further value to the defendant, although he contends that his design has been destroyed, and that the plants which remain will no longer serve the purpose for which he planted them.
Although the architectural design is not complete, those plants which remain can still be used to demonstrate to prospective clients the appearance and growth of certain plants.
Two appraisals were made for the defendant by two horticulturists. One appraisal (for the total value of the plants) was $13,994.25. The other was for $8,779.-25 (our calculations indicate this figure should be $8,869.25), but did not include an ornamental rock garden valued at $575.00. The lesser appraisal, we find, satisfactorily establishes just and adequate compensation, except that it did not include the value of the rock garden taken. We will add the value of the rock garden and subtract from the lesser appraisal the appraised value of those plants which were not located upon the property taken, and arrive at a figure of $7,359.00 as just and adequate compensation for trees, plants and shrubs taken in the expropriation.
The trial court's judgment was for $58,716.25, subject to the credit of $31,647.-00 already deposited. The judgment of the Court of Appeal struck $60.00 (for culverts) from that amount, about which there is no issue before us. That portion of the Court of Appeal judgment relating to trees, plants and shrubs is reversed. The trial court's judgment, which included an award of $11,674.25 for plantings, is amended and reduced to $7,359.00. Judgment is therefore rendered in favor of the defendants, Elbert Lee Blair and Ella Adams Blair, against the plaintiff, State of Louisiana, through the Department of Highways, in the full sum of $54,341.00, subject to a credit of $31,647.00 heretofore deposited in the registry of the court; in all other respects the judgments of the Court of Appeal and the district court are affirmed, at plaintiff's costs.
MARCUS, J., dissents with reasons.
MARCUS, Justice (dissenting).
I respectfully dissent. I agree with the conclusion of the Court of Appeal that, under the jurisprudence, the landowner is entitled only to market value of the land plus severance damages. In my opinion, the majority departs from this well-established jurisprudence.