SAVOY, Judge.
The State of Louisiana, through the Department of Highways, filed suit to expropriate a small portion of the defendant-landowner’s property containing .758 acres in an irregular shape. The property is situated in St. Martin Parish, Louisiana, approximately two miles north of Breaux Bridge and is classified as open farm land, there being no buildings or improvements on the property. The property taken was a part of a 26.613 acre tract fronting and located on the west side of Louisiana Highway 31. The property taken fronts 269.50 feet on Louisiana Highway 31, by a depth on its northerly line of 144 feet, more or less; on its southerly line of 135 feet, more or less; and on its westerly or rear line of 230.62 feet. In addition, there is an additional sliver of property fronting on the highway approximately 100 feet by a depth of several feet, the exact amount not appearing clearly in the record. Use of the property expropriated was to be for construction of facilities in connection with Interstate Highway 10.
After a trial on the merits the trial judge entered judgment fixing the market value of the property expropriated at $2,145.00, and the value for severance damages to the property at $46.00, or a total award of $2,191.00, which was the exact amount deposited in the Registry of the court by the plaintiff. The defendant-landowner has appealed from the judgment contending that the award was too low and should be adjusted upward.
This Court, in State, Through Department of Highways v. Lormand (La.App., 3 Cir., 1967), 201 So.2d 370, recently defined the “fair market value” for expropriation purposes as “the value which a willing purchaser would pay and a willing seller *599 would accept at the time of the expropriation considering the best and highest use for which the property is suited. * * * In addition to compensation for the property taken, the landowner is entitled to severance damages to the remainder of his property if it can be shown that the market value of the remainder is adversely affected by the taking.”
There appears to be little conflict among the experts in this case as to what constitutes the best use of the property for purposes of determining the “fair market value”. The best use would be as suburban rural acreage suitable for homesites. Plaintiff’s two appraisers testified that comparable sales in the area several years ago at depths of approximately 400 feet were valued at $23.00 and $25.00 per front foot. They then concluded that since this property was only 135 to 144 feet deep that its value per front foot was something less than $8.00 per front foot. On the other hand, the defendant’s appraisers testified that the property in question was worth $29.00 per front foot even though only 144 feet deep since this depth would allow development as homesites and any property at a greater depth would not increase the front footage values very much.
In Louisiana the rule is well settled that the best guide in determining the market value to which the owner is entitled under the law in expropriation suits is evidence of sales of similar or comparable properties in the vicinity. State, Through Department of Highways v. Havard, 239 La. 133, 118 So.2d 131; State, Through Department of Highways v. McDuffie, 240 La. 378, 123 So.2d 93; State, Through Department of Highways v. Carret (La.App., 3 Cir., 1961), 130 So.2d 447; State, Through Department of Highways v. Crockett (La.App., 3 Cir., 1961), 134 So.2d 341. It is equally well settled that the landowner in expropriation cases has the burden of proving that his property is valued at more than that deposited in the Registry of court by the condemnor. State, Through Department of Highways v. Levy, 242 La. 259, 136 So.2d 35, and cases therein cited.
Here two of the more recent sales of property involved two tracts of land 90x118 feet about one mile north of the subject property. In September, 1965, one tract sold for $12.68 per front foot, and in October, 1965, the other tract sold for $10.55 per front foot. It is readily seen that the property with which we are here concerned is deeper than both of these tracts, and yet the trial court only allowed compensation at the rate of $7.80 per front foot. We feel the landowner has borne the burden of proof placed on him in cases of this nature to prove that his property is worth more than that deposited in the Registry of the court, and that our learned brother below erred in only allowing compensation at the rate he did. We believe a more realistic sum for the property taken would be $12.00 per front foot considering the comparables herein and also the inflationary trend since 1965 in land values. Accordingly, we hereby increase the award for the 269.50 feet taken from the sum of $2,145.00 to $3,234.00. We further feel an additional $150.00 should be awarded as compensation for the small sliver of land fronting 100 feet on the highway, and $23.00 should be awarded for rental of the temporary construction servitude. However, we do not feel that the landowner has proved he is entitled to severance damages to that certainty required by law. Although Mr. Babineaux testified on behalf of the defendant-landowner that $1,620.00 should be awarded as severance damages since the property would lose highway frontage, Mr. Alfred Fu-selier testified for the plaintiff that the defendant would have complete access to and frontage on the proposed service road, as well as access to and frontage on Louisiana Highway 31 after construction is completed.
Accordingly, the judgment appealed from is increased from $2,191.00 to $3,407.00, and *600 as amended, is affirmed. Costs of this proceeding to be paid by plaintiff.
Amended and affirmed.