257 So.2d 450 (1972)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Joseph J. MEDICA, Defendant-Appellee.
No. 3724.
Court of Appeal of Louisiana, Third Circuit.
February 7, 1972.
*451 Johnie E. Branch, Jr., Baton Rouge, for plaintiff-appellant.
Polk, Foote, Randolph & Percy by William P. Polk, Alexandria, for defendant-appellee.
Before FRUGE, SAVOY and HOOD, JJ.
SAVOY, Judge.
This is an expropriation suit filed by plaintiff against defendant. A companion suit, State of Louisiana, Through Department of Highways v. Paul N. Medica, et al., 257 So.2d 454, bearing number 3726 on the docket of this Court, was consolidated for trial with the instant case. Both cases involve adjoining tracts of land and will both be discussed herein; however, separate decrees will be rendered.
This suit was filed and the order of expropriation was issued on October 29, 1969. The companion suit, bearing Docket No. 3726, was filed on November 18, 1969. The cases were tried on March 15, 1971.
In the instant case the parent tract in question contains approximately 10 acres, fronting on U.S. Highway 71, and located a short distance from the City of Alexandria, Louisiana. By this proceeding plaintiff has expropriated a strip of land 330 feet wide, running diagonally across defendant's property, containing 5.3 acres, and being located mainly in the west half of the parent tract. The remaining property consists of 1.43 acres, in the shape of a triangle, located in the northwest portion of the original 10 acre tract. Also remaining are 3.27 acres in the eastern portion of defendant's original tract, including its entire frontage on U.S. Highway 71, and being 290 feet deep at its southern boundary and tapering to 110 feet deep at its northern boundary.
In suit number 3726, involving the Paul N. Medica property, 1.49 acres was expropriated out of a 3 acre tract. After the taking there remained 0.14 acres in the western portion, and 1.37 acres in the eastern portion of said property.
After a trial on the merits, the district judge in the instant case granted defendant $34,450.00 for the land taken, and $11,000.00 severance damages, or a total award of $45,450.00.
In suit number 3726, the district judge awarded defendants $9,685.00 for the land taken, and $3,150.00 severance damages, or a total award of $12,835.00.
Plaintiffs in both cases have appealed to this Court.
Two expert appraisers testified for plaintiff as to the value of the property taken and as to severance damages in the instant suit, and two such experts testified for the defendant. All of these experts, in determining the value of the property taken, attached a great deal of significance to a deed from Josephine Medica Genova to Habeeb Monsur, et al., dated February 6, 1969. By that comparable sale, Mrs. Genova conveyed to Monsur, et al., a tract of land containing approximately 10 acres for a price of $60,000.00. The property conveyed by that deed is located immediately north of and adjacent to the 10 acre tract involved here. Both of these tracts are approximately the same size, they have about the same frontage on U.S. Highway *452 71 on the east, and about the same frontage on the railroad right of way on the west. Both tracts were unimproved rural property when this suit was filed, and they were almost identical in every other way. Largely on the basis of the Genova-Monsur sale, all of the appraisers who testified valued the entire 10 acre parent tract involved in the instant suit at from $60,000.00 to $78.512.00 at the time of the taking.
The main difference between the appraisals made by plaintiff's experts and those made by defendant's appraisers is that the experts called by plaintiff valued the "front land," that being the land fronting on U.S. Highway 71 and extending to an arbitrary depth of 200 feet from that highway, at a much higher figure per acre than they valued the "rear land," that is, the land located more than 200 feet from the highway. The experts called by defendant, on the other hand, placed a value of $6,000.00 or $6,500.00 per acre on the entire 10 acre tract, regardless of whether it was front land or rear land, and they based their opinions as to value and severance damages on that average per acre value.
Darrell V. Willet, one of the appraisers called by plaintiff, relying on but making some adjustment in the Genova-Monsur sale, concluded that the total value of defendant's entire 10 acre tract was $69,974.00. He felt, however, that the portion of defendant's property which fronted on the highway, to a depth of 200 feet, had a value of about $22,000.00 per acre, while the rear land was worth only $500.00 per acre. On that basis, he determined that the value of the land actually taken, being mostly rear land, was $9,148.00. Since defendant was retaining all of his frontage land Willet felt that he was entitled to no severance damages.
Thadius J. Toups, the other appraiser called by plaintiff relative to the instant suit, used the same method of appraising the property, but he valued the front land to a depth of 200 feet at more than $22,000.00 per acre, and the rear land at $750.00 per acre. He gave the entire tract a value of $78,362.00 at the time of the taking, and he valued the property expropriated at $11,212.00. He also concluded that defendant suffered no severance damages.
Donald L. Chambers, one of the appraisers called by defendant, appraised the 10 acre parent tract involved in the instant suit at $6,000.00 per acre, with a total value of $59,820.00. He, of course, based that appraisal largely on the value established by the Genova-Monsur sale. Using an average per acre value of $6,000.00, he concluded that the 5.30 acre tract taken by plaintiff had a value of $31,800.00, even though it was "rear land." He felt that the 1.43 acre tract remaining in the northwest corner of the parent tract was damaged to the extent of 50 percent of its original value as a result of the taking, and based on a value of $6,000.00 per acre he estimated the severance damages to that tract to be $4,290.00. Using the same per acre value, he estimated the severance damages to the remaining 3.27 acre tract, all of which was front land, at one-third its original value, or $6,540.00.
Robert A. Wolf, the other appraiser called by defendant, made a small adjustment in the value established by the Genova-Monsur sale, and he appraised the parent tract at $6,500.00 per acre, with a total value of $65,805.00. On the basis of that average per acre value, he determined that the 5.30 acres taken by plaintiff had a value of $34,450.00, and that the severance damages to the two remaining tracts amounted to the aggregate sum of $13,180.00.
The trial judge rejected the "front landrear land" method of appraising the property which had been used by plaintiff's appraisers. In that connection he said, "The theories of the state's experts on the 200 foot depth having virtually all of the value is not accepted. . . . This court is of the opinion, therefore, that the property must be valued in its entirety, and that the defendant must be paid for the proportional *453 value of the land taken." The trial judge then held that the property taken had a value of $6,500.00 per acre, or $34,450.00, and that defendant was entitled to severance damages amounting to $11,000.00. Judgment thus was rendered awarding defendant the aggregate sum of $45,450.00.
We agree with the trial judge that the market value of the property taken should be based on the average per acre value of the parent tract, regardless of whether the property taken involved front land or rear land.
In expropriation suits, where the property affected is composed of different classes of land, with each class having different physical characteristics, each such class may be appraised separately, and the value of the property taken may be computed on the basis of the appraisals made of the various classes of property. Where the affected property is not composed of different classes of land, however, then it should be appraised as a unit, or on a per acre or square foot basis, and if there is a partial taking the value of the part taken should bear the same proportion to the total value as the area taken bears to the total area included in the parent tract. If the remaining property sustains a decrease in value as a result of the taking, of course, the owner is entitled to severance damages in addition to the value of the property taken. State Through Department of Highways v. Waterbury, 171 So.2d 790 (La.App. 3 Cir. 1965); Texas Gas Transmission Corporation v. C. M. Thibodeaux Company, 148 So.2d 337 (La.App. 1 Cir. 1962).
We are aware of the fact that in some other cases the "front land-rear land" method of appraising property for expropriation purposes has been sanctioned, even though in some of those cases it appeared that the parent tract possessed the same physical characteristics throughout. We nevertheless feel that the rule applied here is fairer to the landowner and to the expropriating authority, and is more in keeping with the provisions and purpose of our expropriation laws.
The 10 acre parent tract involved in the instant suit did not consist of different classes of land. The part of the parent tract which faces on the highway is no different, insofar as physical characteristics are concerned, from the rest of the property. We agree with the trial judge, therefore, that the parent tract should be valued in its entirety and that the value of the part taken should bear the same proportion to the total value as the acreage taken bears to the total number of acres in defendant's original tract.
We think the sale from Genova to Monsur, dated February 6, 1969, establishes that the value of defendant's property at the time of the taking was $6,000.00 per acre. We thus agree with Mr. Chambers, one of the experts called by defendant, that the property had that value when the suit was instituted. The 5.30 acres taken by plaintiff in the instant suit had a value of $31,800.00.
The next item is that of severance damages. Prior to the taking here defendant's land was almost in the shape of a square. The 1.43 acres remaining in the northwest corner thereof is in the shape of a triangle, being wider at its northern boundary and narrowing at its western boundary. As to this tract, the district judge found severance damages to be $4,000.00. Considering its present shape, we cannot say that he committed error in fixing severance damages in that amount. As to the 3.27 acres remaining in the eastern portion of the tract, the district judge found severance damages to be $7,000.00. This tract is practically intact, except for the fact that the land expropriated narrows the remaining tract in the northeast portion thereof. In our opinion the amount awarded as severance damages to this tract is excessive and should be reduced to $1,000.00. Accordingly, we find the value of the property taken and severance damages to be the sum of $36,800.00.
*454 We will next consider the Paul N. Medica, et al., tract in suit number 3726.
The amount of land expropriated was 1.49 acres, at $6,000.00 per acre, rounded off, amounts to $9,000.00 for said property taken.
We will next consider severance damages to the remaining property, a 0.14 acre tract in the western edge of said property. This tract has no value, and we hereby fix severance damages for it in the sum of $840.00. The remaining 1.37 acre tract, in our opinion, has suffered no severance damages. It is still on a highway, has the same frontage, and is almost in the shape of a square. We, therefore, disallow severance damages for this tract. We find the amount to be received by defendants for the land expropriated and for severance damages to be the sum of $9,840.00.
For the reasons assigned, the judgment of the district court is amended by reducing the award from the sum of $44,450.00 to the sum of $36,800.00, and as amended is affirmed. Costs of this appeal to be paid by appellee.
Amended and affirmed.