272 So.2d 765 (1972)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Roy SPERA, Defendant-Appellee-Appellant.
No. 3971.
Court of Appeal of Louisiana, Third Circuit.
September 19, 1972.
*766 Johnie E. Branch, Jr., and Jerry F. Davis, Baton Rouge, Edward Kaplan, Alexandria, for plaintiff-appellant.
James C. Downs, Alexandria, for defendant-appellee.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiff Highway Department expropriated 0.388 of an acre from defendant Roy Spera's 2.959 acre tract, taking highway frontage near Alexandria along Louisiana Highway 1 to a depth of approximately 116 feet. The taken tract was commercial property and the improvements thereon were used as a retail package liquor store.
The property was expropriated under the provisions of LSA-R.S. 48:441-460, on December 14, 1970 when plaintiff deposited $12,700 as fair compensation to the landowner. The deposit was withdrawn and landowner sought an increase in compensation to $30,699, less the sum deposited. Plaintiff appealed seeking to reduce the trial court award of $26,174 less the sum deposited, together with $1,250 as expert witness fees for landowner's appraiser. Landowner answered the appeal. We affirm.
Four assignments of error are alleged by the Highway Department: 1) It is contended that the proper appraisal technique for this tract should be based on "before and after" valuations. Alternatively 2) it is contended that the "average acre valuation" should be used instead of the "front land-rear land" technique. 3) The appraisals of the improvements by the Department's experts should be accepted in preference to that of landowner's expert. 4) The fee awarded for landowner's expert appraiser was excessive.
The Highway Department's argument for the "before and after" technique (explained hereinafter) is along these lines. The ultimate goal in expropriation cases is to determine what amount of money can be considered as just compensation for the property taken. Orleans Parish School v. Montegut, Inc., 255 So.2d 613 (La.App. 4 Cir. 1971). The owner is to be put in as good position pecuniarily as he would have been if his property had not been taken. State v. Barrow, 238 La. 887, 116 So.2d 703 (1959); Housing Authority v. Green, 200 La. 463, 473, 8 So.2d 295, 298 (1942). Although cases may arise which would rule out this technique, this appraisal approach is best for finding just and adequate compensation for this tract.
The alternative contention, that the award should be based on "average per acre value" is based on the holdings in State, Through the Department of Highways v. Medica, 257 So.2d 450 (La.App. 3 Cir. 1972); and State, Through the Department of Highways v. Monsur, et al., 258 So.2d 162 (La.App. 3 Cir. 1972).
We reject these arguments. State, Department of Highways v. Landry, 171 So. 2d 779 (La.App. 3 Cir. 1965); State, Department of Highways v. LeDoux, 184 So. 2d 604 (La.App. 3 Cir. 1966); Eminent Domain in Louisiana, by Professors Melvin *767 G. Dakin and Michael R. Klein, at page 173.
All experts used comparable or indicator tracts to support their appraisals.
The Highway Department instructed its expert appraisers Darrel V. Willet and T. J. Toups to appraise the raw land on the basis of "before and after" valuations. They appraised the tract as it existed before and after the expropriation, assuming that the remainder will have access to the new road.
Mr. Willet's "before" appraisal was $18,558 and his "after" appraisal was $16,285. He valued the taken tract at $2,273, but readily admitted that this appraisal assumed that the remainder would have the same highway access after the taking that it had before. Mr. Toups's report was accepted in lieu of his testimony. His "before" appraisal was $23,672 and his "after" appraisal was $20,568. The taken tract was thus appraised at $3,104.
Defendant's expert Habeeb Monsur, Jr. appraised the raw land using the "front land-rear land" technique. He appraised the front land to a depth of 200 feet at $110 per front foot. The remaining 2.28 acres were valued at $6,000 per acre. Since the property taken was only to a depth of 116 feet, he concluded that the 148 front footage value should be reduced to $90 per front foot. He appraised the taken land at $13,361.
There is no manifest error in the trial court's rejection of the techniques urged by the Highway Department and accepting the "front land-rear land" technique.
Mr. Willet appraised the improvements at $10,942 using a reproduction cost less depreciation. Using the same appraisal method, Mr. Toups's valuation was $8,872. Mr. Monsur used the same appraisal method and appraised the building at $9,942. In reaching this appraisal he allowed only 20% depreciation which was substantially less than was allowed by the other appraisers. Additionally, he allowed $451 for 902 square feet of concrete paving; $1,500 for 7500 square feet of graveled area; $120 for a floor safe; $400 for a burglar alarm system; $400 for a septic tank together with 250 feet of field lines; and $525 for 70 feet of 24 inch culvert. The trial court accepted Monsur's appraisal except for the last item.
The Highway Department complains that its expert valuation of $10,942 for improvements was disregarded and landowner's $12,813 was accepted. There is no manifest error in the acceptance of Monsur's appraisal of the improvements. Monsur's experience in the building trades was extensive while Willet and Toups had only minimal experience. Monsur's defense of the depreciation allowed and his explanation of the balance of his appraisal was reasonable.
There is no merit to the Department's contention that the $1,250 expert fee awarded for landowner's expert should be reduced. The evidence is sufficient to support the award. Monsur inspected the property on four or five occasions; he procured and studied a plan of the building taken; he assembled and correlated comparable sales along with maps and certified copies of the sales; he prepared a detailed appraisal report; he participated in two conferences and spent one full day in court at trial.
Landowner answered the appeal seeking $525 for the 70 feet of 24 inch culvert located on the highway right of way. There is no evidence that this culvert was installed by landowner or belonged to him. Neither is there evidence that the culvert will not be replaced when the new road is completed. The trial court's rejection of this part of landowner's claim is manifestly correct.
The judgment of the trial court is affirmed at plaintiff appellant's costs.
Affirmed.
*768 DOMENGEAUX, J., concurs in the decision and its result and cites as additional reasons therefor, his expressions concerning the front land-rear land concept of awarding compensation contained in State of Louisiana, Through the Department of Highways v. Smith, et ux., our docket no. 3929, La.App., 272 So.2d 746.