271 So.2d 280 (1972)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff and Appellees.
v.
Ralph L. MERTENS et al., Defendants and Appellees.
No. 4019.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1972.
Rehearing Denied January 24, 1973.
*281 D. Ross Banister, Chester E. Martin, Jesse S. Moore, Jr., Johnie E. Branch, Jr., Jerry F. Davis, Baton Rouge, and Edward A. Kaplan, Alexandria, for plaintiff and appellant.
James C. Downs, Alexandria, for defendants and appellees.
Before SAVOY, CULPEPPER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
This case was consolidated for trial with State of Louisiana, through the Department of Highways v. Isaac Wahlder, La. App., 271 So.2d 284, in which we are rendering a separate judgment this date. In these cases the Department of Highways, using the "quick-taking" statute, LSA-R.S. 48:441 et seq., expropriated approximately 100-feet deep strips off the fronts of two adjoining tracts of land owned respectively by defendants. The purpose of the takings was to widen an existing two-lane state highway so as to provide four lanes.
In the present case the Highway Department deposited the sum of $7,088 as its estimate of just compensation for the value of the 1.228 acres taken. Plaintiff allowed no severance damages. The landowner answered claiming $77,000, including the amount of the deposit, as compensation for the land taken and claimed no severance damages. The district judge awarded defendants $49,680, including the deposit. The Highway Department appealed. The landowners answered the appeal, seeking: (1) to change the legal interest on the award from 5% to 7% under Act 315 of 1970, which became effective 3 months before plaintiff's petition was filed; (2) an additional $383 for the value of fencing taken; and (3) damages for a frivolous appeal.
The substantial issue is one of law. The Department contends that in these highway widening situations, where a narrow strip of frontage is taken but the remaining property after the taking has a new frontage of approximately the same value, the "before and after" method of appraisal should be used. Under this method, the value of the entire parent tract before the taking is determined and from this is subtracted the value of the remaining land after the taking. The difference between these two figures is the amount due the landowner.
Defendant contends that such a "before and after" method violates the statutory and jurisprudential rule that the landowner must be paid the value of the property actually taken (the frontage taken was much more valuable than the rear portion of the parent tract) and that no benefits from the new construction (the new frontage on the widened highway benefited the remainder) may be allowed as a credit against the value of the property taken.
The facts are that before the taking the parent tract contained 39.882 acres and had a frontage on the existing highway of 551.82 feet. The strip of frontage taken has a depth of approximately 99 feet and contains 1.228 acres.
*282 This property is located on Louisiana State Highway No. 1, approximately 1 mile from MacArthur Drive bypass around Alexandria. The highway frontage is heavily commercialized. All of the experts agreed that the best and highest use of the frontage was for commercial purposes. The rear portion of the property is best suited for residential or other non-commercial purposes and has much less value than the frontage.
The department instructed its appraisers to use the "before and after" approach described above. They used sales of property in the vicinity, comparable in size to defendant's tract. They found an average per acre value of about $6,000, for the entire parent tract, and on this basis valued the 1.228 acres of frontage taken at about $7,000. The Department's appraisers gave no opinion as to the value of the frontage separate from the rear. And of course they gave no estimate of any severance damages since this is not an issue in the case.
Defendant's expert, Mr. Hab Monsur, Jr., using sales of comparable property in the immediate vicinity, appraised the 551.82 feet of frontage taken at $90 per front foot or a total of $49,680.
The district judge refused to follow the "before and after" method urged by the Department. He cited LSA-R.S. 19:9 which provides: "In estimating the value of the property to be expropriated, the basis of assessment shall be the value which the property possessed before the contemplated improvement was proposed, without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work." The judge also relied on The Department of Highways v. Landry, 171 So.2d 779 (La. App. 3rd Cir. 1965), writ of certiorari refused, 247 La. 676, 173 So.2d 541, with the statement: "On the facts found by the Court of Appeal there appears no error of law in its judgment." In the Landry case we considered the identical issue of law presented here and based the award on the higher market value of the frontage taken, rather than on the lesser average per acre value of the entire tract.
Since the State's appraisers gave no estimate of the value of the frontage taken, the district judge used the value given by defendant's expert and fixed the award accordingly.
We find the district judge is correct. In several more recent cases the courts have continued to reject the "before and after" method urged by the State in these situations. These cases follow the "front landrear land" method of separate appraisals of the front and rear, Department of Highways v. Le Doux, 184 So.2d 604 (La.App. 3rd Cir. 1966); State, Department of Highways v. Bertrand, 184 So.2d 611 (La.App. 3rd Cir. 1966); State, Department of Highways v. Trosclair, 207 So.2d 597 (La.App. 3rd Cir. 1967); State, Department of Highways v. Smith, 272 So.2d 746 (La.App. 3rd Cir. 1972); State, Department of Highways v. Spera, 272 So.2d 765 (La.App. 3rd Cir. 1972); and State, Department of Highways v. Stegemann, 269 So.2d 480 (La.App. 3rd Cir. 1972).
As it did in State, Department of Highways v. Smith, supra, the plaintiff here relies on State, Department of Highways v. Medica, 257 So.2d 450 (La.App. 3rd Cir. 1972) and State, Department of Highways v. Monsur, 258 So.2d 162 (La.App. 3rd Cir. 1972). Those two cases involved unusual factual situations where tracts of land containing approximately 10 acres fronted on the existing highway and were bound on the rear by a railroad. Because of the highway on the front and the railroad on the rear the highest and best use was for commercial or industrial purposes. A panel of this court, different from that in the present case, decided that under the circumstances *283 it was not appropriate to use the front landrear land method. Instead, the average per acre value of the 10-acre tracts was used to determine the value of the portions taken. Severance damage was also allowed to certain remaining tracts because of reduced size and irregular shape.
The Medica and Monsur cases are distinguishable on the facts from the present matter, since there the railroad in the rear contributed to the value of the parent tracts and supported a finding that the average per acre value should be used. However, the decision in Medica contains language, approved in Monsur, which could be construed to mean that in no case can the frontage be appraised and compensated separate from the rear unless it is a "different class" of land having "different physical characteristics." The panel in the present matter cannot agree with this statement of the law. For under the facts presented here, the frontage has no different physical characteristics than the rear. It is all high, open, well drained land with no physical divisions. The increased value of the frontage is not due to any physical characteristics. It is simply because it is useful for commercial purposes, whereas the rear is useful only for residential or non-commercial purposes. Under the statutes and cases cited above, we think this alone is sufficient for the application of the "front landrear land" method.
The Department makes a respectable argument that in highway widening situations of this type the "front landrear land" method gives an unfair advantage to the landowner. Nevertheless, we are bound by the statute and jurisprudence cited above.
In a supplemental brief filed after oral argument the State contends that in the recent case of State, Department of Highways v. Lulu Stephens Stegemann, 269 So.2d 480 (La.App. 3rd Cir. 1972), this court held that the part of the commercially valuable frontage taken must be appraised on a square foot basis rather than a front foot basis. We have carefully studied the Stegemann decision and find it is not authority for such a rule. Actually, on the same day that the Stegemann decision was rendered, the same panel of this court rendered State, Department of Highways v. Spera, 272 So.2d 765 (La.App. 3rd Cir. 1972) in which the part taken was appraised by the front foot rather than the square foot. The law does not require that either the square foot or the front foot method be used in all cases. Each case must be determined by its own facts and expert testimony. These support the use of the front foot method in the present case.
THE LEGAL INTEREST ISSUE
Act 315 of 1970 amended LSA-C.C. Article 1938 and Article 2924 so as to change the rate of legal interest from 5% to 7% per annum. Section 2 of the act provides that "All laws or parts of law in conflict herewith are hereby repealed."
Our quick taking appropriation statute contains a provision, LSA-R.S. 48:455, for legal interest at the rate of 5%. The issue is whether this provision of the quick taking statute is repealed and superseded by the 1970 Act relating to legal interest generally.
Although it is true, as the Department contends, the general rule is that in case of conflict a special statute prevails over a general statute. Nevertheless, it is equally well settled that if the intent of the legislature in the last statute is to cover the whole subject matter dealt with and to modify or supersede all previous laws in conflict, the subsequent general statute prevails, State v. Henderson, 120 La. 535, 45 So. 430 (1907); Johnson Sewerage District #2 of Parish of Caddo, 239 La. 840, 120 So.2d 262 (1960); Giles v. Breaux, 160 So.2d 608 (La.App. 1st Cir. 1964); and Pelloat v. Greater New Orleans *284 Expressway Commission, 175 So.2d 656 (La.App. 1st Cir. 1965). In the present case it is apparent that the intent of the legislature in Act 315 of 1970 was to change the rate of legal interest provided in all prior statutes from 5% to 7% per annum. Hence, the judgment appealed must be amended to conform to the 1970 statute.
FRIVOLOUS APPEAL
Defendants also seek damages for a frivolous appeal, LSA-C.C.P. Article 2164. The rule is that appeals are favored in the law. They will not be considered frivolous unless it is apparent that appellant's counsel did not honestly believe there was merit in his case, and that the appeal was prosecuted merely for the purpose of delay, Shepard v. Checker Cab Company, 230 So.2d 353 (La.App. 4th Cir. 1970); Robinson v. Clayton, La.App., 118 So.2d 273. In the present case, we think counsel for appellant is sincere and that the appeal was not merely for the purpose of delay. Accordingly, damages for a frivolous appeal are denied.
THE FENCE
In their answer to the appeal, defendants also seek $383 additional for the value of fencing which was taken. This claim is supported by the evidence. Its omission from the judgment is apparently an oversight.
For the reasons assigned, the judgment appealed is amended so as to increase the award to $50,063, less the deposit, and to change the rate of legal interest from 5% to 7% per annum. As amended, the judgment is affirmed.
Affirmed, as amended.
SAVOY, J., dissents in part for the reasons assigned in suit No. 4020. La.App., 271 So.2d 284.