MILLER, Judge.
Plaintiff Highway Department expropriated 18,347.6 square feet from defendants Elbert Blair and his wife. Their 4.88 acre tract fronted 160 feet on Louisiana Highway 1 near Alexandria, and the taking was to an average depth of 119 feet. The taken tract was highway commercial property. The Blair home and extensive plantings used in Mr. Blair’s landscape architect profession were partially located on the taken tract.
The property was expropriated under the provisions of LSA-R.S. 48:441-460, on September 11, 1970 when plaintiff deposited $33,647 as its estimate of just compensation for both the taken land and improvements. Defendants withdrew the deposit and filed answer claiming an increase in compensation to $63,728.25. The trial court increased the award to $58,716.25. Plaintiff appealed. We amend to reduce the award.
Plaintiff Highway Department contends that the “average unit price” concept should be used instead of the “front land —rear land” concept; alternatively that the trial court applied an “improper method of applying (the front land — rear land) technique”; that the value of a culvert and a septic system should be deleted from the award; and the award of $11,674.25 for shrubs, trees, flowers and a rock garden located on the taken tract should be deleted.
The “front land — rear land” appraisal accepted by the trial court has been repeatedly approved by this court as a proper concept for determining just and adequate compensation. State of Louisiana, Through the Department of Highways v. Landry, 171 So.2d 779 (La.App. 3 Cir. 1965); State of Louisiana, Through the Department of Highways v. LeDoux, 184 So.2d 604 (La.App. 3 Cir. 1966); State of Louisiana, Through the Department of Highways v. Bertrand, 184 So.2d 611 (La.App. 3 Cir. 1966); State of Louisiana Through the Department of Highways v. Trosclair, 207 So.2d 597 (La.App. 3 Cir. 1967); State of Louisiana, Through the Department of Highways v. Smith, 272 So.2d 746 (La.App. 3 Cir. 1972); State of Louisiana, Through the Department of Highways v. Spera, 272 So.2d 765 (La.App. 3 Cir. 1972); State of Louisiana, Through the Department of Highways v. Stegemann, 269 So.2d 480 (La.App. 3 Cir. 1972); State of Louisiana, Through the Department of Highways v. Mertens, 271 So.2d 280 (La.App. 3 Cir. 1972).
On the facts we distinguish the cases of State of Louisiana, Through the Department of Highways v. Medica, 257 So.2d 450 (La.App. 3 Cir. 1972); State of Louisiana, Through the Department of Highways v. Medica et al., 257 So.2d 454 (La.App. 3 Cir. 1972); and State of Louisiana, Through the Department of Highways v. Monsur, 258 So.2d 162 (La.App. 3 Cir. 1972). For a discussion of the differences, see State of Louisiana, Through the Department of Highways v. Mertens, 271 So.2d 280 (La.App. 3 Cir. 1972).
The particular facts of each case should be looked to in determining the proper valuation method. In the instant case, appraisers for both the Department and landowners' testified that the highest and best use of the property was highway commercial (Tr. pp. 115, 153), and that the optimum commercial property depth in the area was 200 feet. Tr. pp. 103, 148. Each expert witness supported his comparables and discredited those used by the other expert. Monsur’s testimony is most persuasive. We find no manifest error in the trial court’s acceptance of Monsur’s appraisal of the front foot value over that of Messrs. Futrell and Willett.
*564 Inasmuch as the Highway Department expropriated a strip of land fronting Louisiana Highway No. 1 to a depth of approximately 119 feet from a substantially larger tract, we hold that the trial court was manifestly correct in awarding $90 per front foot for the 160 front footage. The trial court properly awarded $14,400 for the taken tract. State of Louisiana, Through the Department of Highways v. Spera, 272 So.2d 765 (La.App. 3 Cir. 1972).
Under its second assignment of error, the Highway Department argues that the trial court improperly applied the “front land—rear land” method. The Department argues that the Stegemann holding (269 So.2d 480 [La.App. 3 Cir. 1972]) requires that commercially available frontage be valued on a square foot rather than a front foot basis. The Stegemann case does not stand for that rule of law. For a discussion of that holding, see the case of State of Louisiana, Through the Department of Highways v. Mertens, 271 So.2d 280 (La.App. 3 Cir. 1972).
The Highway Department argues that the value should be $10,472 computed on the “front land—rear land” basis employed in Stegemann. We find no manifest error in the trial court’s rejection of this appraisal method.
Before discussing the Highway Department’s third assignment of error (that $460 should be eliminated from the award because $60 worth of culvert did not belong to landowners and $400 worth of the septic tank system was located off the expropriated property), we note that the Department did not seek a reduction in the award of $30,824 for the house, $798 for a paved area, $400 for a chain link fence and $160 for a hard surfaced driveway. Although approximately two-thirds of these improvements were located off the taken area, these improvements were effectively taken and the fair market value of the entire improvement was awarded.
Just as compensation was awarded for these improvements, landowners are entitled to the value of the three septic tanks and field drain line areas (Tr. 109) which were rendered useless by the taking. Tr. 151, 172. An expert for each side assigned value to the septic tank system. There was no manifest error in accepting Monsur’s appraisal as the fair market value.
Landowners conceded that the judgment should be amended to delete the award of $60 for 10 feet of culvert which did not belong to landowners.
Lastly, the Highway Department seeks to eliminate the award of $11,674.25 representing the value of various trees, shrubs, plants and a rock garden on the taken land. The trial court likened defendants’ plants, trees, shrubs and rock garden to grafted pecan trees which had been held to be “crops” for purposes of LSA-R.S. 48:218 in State, Through the Department of Highways v. Williams, 210 So.2d 616 (La.App. 2 Cir. 1968). After the trial court decided the instant case, we rejected that argument. For a complete review of that issue, see State, Through the Department of Highways v. Bernard, 271 So.2d 303 (La.App. 3 Cir. 1972).
The holding in State, Through the Department of Highways v. Henderson, 138 So.2d 597 (La.App. 3 Cir. 1962) does not apply because it is admitted that this landowners’ plants, trees and shrubs were not nursery stock. The trial court’s finding that they were a crop under the provisions of LSA-R.S. 48:218 is manifestly erroneous. State, Through the Department of Highways v. Bernard, 271 So.2d 303 (La.App. 3 Cir. 1972).
Mr. Blair is a licensed landscape architect, landscape gardener and horticulturist. In connection with this part-time employment, he planted shrubs, trees, ground cover, flowers and arranged a rock garden on the taken tract. These plantings were unusually attractive, well groomed and were used by Blair as a showplace for his clients. The profusion of unusual shrubs and trees were shown to clients to demonstrate their potential growth in place. Cut *565 tings were delivered to clients so that they could visualize Blair’s proposal of the client’s planting. Blair admitted that the extensive garden was also a matter of personal satisfaction to him.
Mr. Kirby B. Burnaman, a landscape contractor and licensed horticulturist, was qualified by landowners as an expert in the value of plants and shrubs. He appraised the trees, shrubs and flowers at $13,994.25. He did not deduct the cost of transplanting, and did not suggest that the plantings added to the fair market value of the taken property.
Mr. Lyle L. Paul, a landscape contractor and licensed horticulturist, was qualified by the Department as an expert. He appraised the trees, shrubs and flowers at $8,779.25. He concluded that many of the trees and shrubs could not be moved and did not deduct for the cost of transplanting. He did not suggest that the plantings added to the fair market value of the taken property.
The trial judge averaged these appraisals and awarded $11,674.25 for the trees, shrubs, flowers and an ornamental rock garden on finding that these improvements could not be replaced for less than the award. This award takes into account the special value which these trees, plants and shrubs have to the owner. The evidence does not support a conclusion that these plantings contributed this much to the fair market value of the land.
Under the jurisprudence, landowner is entitled only to market value of the land plus severance damages. State, Department of Highways v. Wolfe, 252 So.2d 483 (La.App. 3 Cir. 1971); Caddo Parish School Board v. Willer, 227 La. 201, 78 So.2d 833 (1955). In Nichols on Eminent Domain, Vol. 4, Sec. 12:22(2) at page 95, the rule is stated as follows:
“As long as there is an ascertainable market value, no consideration need be given to value peculiar to the owner. Sentimental value must be ignored. Condemnation proceedings are in rem and just compensation must be based upon the value of the rights taken, without regard to the personality of the owner or his personal relationship to the property taken.”
See also Orgel on Valuations, Vol. 1, Sec. 66-80.
Defendant’s expert real estate agents, Mr. Monsur and Mr. Webb, testified that these plantings contributed $2,500 to the total market value of the property. The evidence supports this appraisal. The award for trees, plants, shrubs and flowers is reduced from $11,674.25 to $2,500.00.
The trial court judgment is amended to delete the $60 awarded for culverts and to reduce the $11,674.25 award for plantings to $2,500.00. Otherwise the trial court judgment is affirmed. Costs are taxed to plaintiff appellant.
Amended and affirmed.