BOUTALL, Judge.
This appeal arises from a suit instituted by plaintiff, the State of Louisiana, through the Department of Highways, seeking to expropriate certain property in St. John The Baptist Parish in order to accommodate new left turn lanes on Airline Highway. Defendant, Entre Nous, Inc., is the owner of a 261 acre unimproved tract of land fronting on the Airline Highway. Plaintiff is expropriating a strip of the tract fronting along the Highway measuring 32' in depth by a length of 828', being 0.542 acres in area. The Department of Highways has appealed and the sole issue raised is the amount to be awarded the defendant as compensation for the expropriation of its property. The entire tract, including the portion expropriated, is composed of a similar quality or class of land throughout.
According to the Constitution of the State of Louisiana, Article 1, Section 2, “. . . private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.” In State Through Department of Highways v. Trosclair, 207 So.2d 597 (La.App. 3rd Cir., 1967), the court stated that our jurisprudence is settled that in cases involving expropriation of property for highway purposes, land owners are entitled to receive the full market value of highway frontage property taken for further highway purposes.
In determining the amount to be awarded defendant as just and adequate compensation we will use market value, but it must be noted that the courts of our state have used various methods in deciding market value of a particular piece of land. No set method has been established as it is important to be flexible in order to deal with the particular features of each piece of property to be expropriated. In Orleans Parish School v. Montegut, Inc., 255 So.2d 613 (La.App. 4th Cir., 1971) the court stated as follows:
“Fundamental, in our view, is the recognition that market value of property taken is only utilized as a means of de- *293 tiding ‘just and adequate compensation’. Market value is not the constitutional objective and requirement; just compensation is.”
In its brief, plaintiff cites many appellate decisions which analyze the different methods of determining fair and adequate compensation. Some cases have decided that the best way to determine the value of the land expropriated is on an average per acre basis. An example of this line of reasoning is set forth in State Through Department of Highways v. Medica, 257 So.2d 450 (La.App. 3rd Cir., 1972) where the court stated as follows:

"Where the affected property is not composed of different classes of land, hoivever, then it should he appraised as a unit, or on a per acre or square foot basis, and if there is a partial taking the value of the part taken should bear the same proportion to the total value as the area taken bears to the total area included in the parent tract.”

On the other hand, the majority of decisions have concluded that it is fairer to award more for property fronting on a thoroughfare as opposed to property further back in the tract of land. This has been called the “front land-rear land” method. See State Through Dept. of Highways v. Smith, 272 So.2d 746 (La.App. 3rd Cir., 1972), writs denied, La., 272 So.2d 696.
In the present case, there were three expert witnesses called. Mr. David Cuthbert-son and Mr. Charles L. O’Brien were called by plaintiff and Mr. J. Bradley Oubre was called by defendant. Based upon the average per acre value of the parent tract, the three appraisers gave the following estimates:
CUTHBERTSON: 0.542 acres at $2,100/acre = $1,138
O'BRIEN: 0.542 acres at $2,250/acre = 1,220
OUBRE: 0.542 acres at $2,200/acre = 1,192
Of these appraisers, only Oubre testified as to the value of the front land separately. He estimated the value of the front land to be $4,500 per acre, or a total of $2,439 for the 0.542 acres taken.'
However, the trial court disregarded these value estimates and granted defendant $4,722.00 for the 0.542 acres. He came to this conclusion by examining a sale of some land located approximately 600 ft. from defendant’s tract, apparently considering it a comparable sale. The Highway Department had acquired some of the additional right-of-way for this project by an act of sale from Gulf States Land & Industries, Inc. It paid $16,828.00 for a strip comprising 1.937 acres for $8,713.10 per acre. By placing this value on the land in question the trial judge determined that $4,722.00 is just and adequate compensation for the land in question.
We feel that the trial court erred in basing its decision on the sale of the Gulf States property for two reasons. First, the Gulf States property was the front of a shopping center which does a vast quantity of business each year and, second, the sale was made in contemplation of expropriation and therefore was not an arm’s length agreement or comparable sale upon which a true market value can be established. It should be noted that defendant’s expert, Oubre, in reaching his front land valuation, considered the Gulf States sale and apparently did not find it controlling the valuation.
Having considered the property involved, we are inclined to follow the front land-rear land method in this situation rather than the average per acre method. Admittedly in State Through Dept. of Highways v. Smith, supra, the court was dealing with front land being used for commercial purposes while in the present case we are dealing with unimproved front land. Nevertheless, we feel that the same principle applies. In the Smith case the court arrived at a figure by considering the market value of the land in question and this necessarily involved adding in the improvements. Here we are considering the market value of the land in question *294 also, the only difference being that the land in question is not improved.
Plaintiff argues that defendant will still enjoy highway frontage after the expropriation due to the fact that formerly rear land will become front land. We must, however, consider LSA-C.C. Art. 2633 which states as follows:
“Art. 2633. Basis for determining property value
“Art. 2633. In estimating the value of the property to be expropriated, the basis of assessment shall be the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.”
In State Through Department of Highways v. Landry, La.App., 171 So.2d 779, writ refused, 247 La. 676, 173 So.2d 541, 1.3 acres of highway frontage were expropriated for widening purposes. The land was part of a 25 acre tract. Plaintiff cited various authorities on eminent domain, to which the court responded as follows:
“However, as these authorities also note, in most other American jurisdictions, including Louisiana, the market value of the property expropriated can not be off set by the benefit that the remainder of the parent tract may receive by the taking.”
We also are of the opinion that defendant should receive the full market value of the expropriated highway frontage. We feel that it would be inappropriate to allow a deduction from the market value due to the fact that a new highway frontage would be provided to formerly rear portions of the parent tract. The taking here is of the front portion of a certain tract. When it is taken, a new tract frontage (in effect) is created which may or may not be benefited by the improvements. Nevertheless, it cannot change the fact that frontage at the time of the taking is what the landowner surrendered.
We conclude that the expropriated highway frontage land should be valued at $4,500 per acre, which is the value estimated by Mr. Oubre, the only expert testimony offered as to front land value. See State Through Department of Highways v. Neyrey, 186 So.2d 705 (La.App. 4th Cir., 1966). It is therefore ordered that the judgment below granting defendant $4,722.00 for the expropriated property be reduced to $2,439.00, and as amended, affirmed.
Amended and affirmed.