295 So.2d 469 (1974)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
M. G. REALTY COMPANY, INC., Defendant-Appellee.
No. 4532.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
Rehearing Denied June 26, 1974.
Writ Refused September 18, 1974.
*470 Frugé & Foret by Jack C. Frugé, Ville Platte, and Johnie E. Branch, Jr., Baton Rouge, for plaintiff-appellant.
Neblett, Fuhrer & Broussard by Samuel H. Craven, Alexandria, for defendant-appellee.
Before CULPEPPER, MILLER and WATSON, JJ.
WATSON, Judge.
The principal issue in this appeal is the proper interest rate to be paid by the State of Louisiana, through the Department of Highways, on an award in excess of the amount deposited in this expropriation suit and in the other three suits which were consolidated on appeal. A corollary issue raised by the appellees in each case is whether the appeal is frivolous, thus entitling them to appropriate damages.
By motion, the M. G. Realty Company, Inc. obtained an order in the trial court directing the Department of Highways to show cause why an additional two per cent per annum interest should not be paid on the excess award until the date that the excess award was deposited into the Registry of the Court. The Department of Highways had deposited the sum of $11,423.19 which represented an excess award of $10,085.00 plus interest at the rate of five per cent per annum and the defendant-appellee had withdrawn that sum, reserving its right to claim additional interest.
The trial court held that the proper rate of interest was seven per cent citing the decision of this court in State, Department of Highways v. Mertens, 271 So.2d 280 (La.App. 3 Cir. 1972); writ denied 275 So.2d 778 (La.1973). The same rule concerning interest was applied in State, Department of Highways v. Wahlder, 271 So.2d 284 (La.App. 3 Cir. 1972); writ denied 273 So.2d 847 (La.1973). From the adverse judgment, the Department of Highways has appealed.
The Department of Highways contends, as it did in Mertens and Wahlder, that the interest rate to be paid under the so called "Quick-taking Statute", LSA-R.S. 48:441-460, and particularly LSA-R.S. 48:455, is five per cent per annum. The defendant-appellee contends that Act 315 of 1970 had the effect of amending LSA-R.S. 48:455 to provide interest at the rate of seven per cent per annum. This court adopted the latter view in Mertens and Wahlder.
The only argument presented by the Department of Highways in the present appeal, which was not advanced in Mertens and Wahlder, is that Section 58 of Act No. 4 of 1942 provided as follows:
The provisions of any act of the Legislature heretofore or hereafter adopted which bear on any of the subject matters embraced within the terms of this Act shall have no application to the Department of Highways, its officers and employees, *471 unless by its terms the provisions of such other act are expressly made applicable to the Department, its Director, Board, officers or employees and then only to the extent that it is so made expressly applicable; provided, however, that nothing contained in this section shall apply to any civil service laws presently in effect or which may hereafter be adopted.
The provisions of this Act shall supersede the provisions of any other act adopted at this session of the Legislature, whether adopted prior to or subsequent to this Act, to the extent that the provisions of any other such act are inconsistent with this Act unless there is an express provision in the other act to the contrary.
The Department of Highways makes several resourceful arguments concerning the significance of this section and its omission from the Louisiana Revised Statutes as adopted in 1950.
However, it appears to us that this section, Section 58 of Act 4 of 1942, was repealed by the adoption of the Louisiana Revised Statutes (See West LSA-R.S. Volume 28 at pages 493 and 572).
The only other authority brought to our attention favoring the position taken by the Department of Highways is the decision by our learned brothers of the Second Circuit in State, Department of Highways v. Beaird-Poulan, Inc., 292 So.2d 842, 1974, in which five per cent was held to be the proper rate.
We also note the decision of the Court of Appeal, First Circuit, in State, Department of Highways v. Strickland, 290 So.2d 714 (La.App. 1 Cir. 1974), in which interest at the rate of seven per cent was ordered, being an increase from the five per cent rate allowed by the trial court. This decision by the First Circuit is in accord with our view while that of the Second Circuit is not.
We find no reason in the arguments of appellant or in the authorities cited to change our views expressed in the prior decisions of this court. We therefore affirm the order of the trial court.
The defendant-appellee urges that damages should be allowed for frivolous appeal. We do not believe that this would be appropriate under the circumstances presented.
For the reasons assigned, the judgment of the trial court is affirmed. Costs, insofar as they are allowed by law, are taxed against the appellant.
Affirmed.