276 So.2d 923 (1973)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff and Appellant,
v.
Maude S. GOUDEAU, Defendant and Appellee.
No. 4145.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1973.
*924 Jack C. Fruge, Ville Platte, Edward A. Kaplan, Alexandria, for plaintiff-appellant.
Robert B. Neblett, Jr., of Neblett, Fuhrer & Hunter, Alexandria, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This case was consolidated with State, through the Department of Highways v. M. G. Realty Co., Inc. et al., La.App., 276 So.2d 918, in which a separate decision is being rendered by us this date. In each case the Department, using the "quick-taking" statute, LSA-R.S. 48:441 et seq., expropriated a strip from the front of defendant's land to widen an existing highway. The legal and factual issues are similar.
In the present case, plaintiff deposited the sum of $16,960 as its estimate of just compensation for the value of the land taken. No improvements were taken and there are no severance damages. After a trial on the merits, the district judge awarded defendant the sum of $60,600, less the deposit. The plaintiff appealed, seeking a reduction to the amount deposited. Defendant answered the appeal, seeking an increase in the award to the sum of $120,000.
The first issue is one of law. The Department urges, as it has in recent cases, that in these highway widening situations the "before and after" method of appraisal should be used. Under this method, the value of the entire parent tract before the taking is determined, and from this is subtracted the value of the remaining land after the taking. The difference between these two figures is the amount of compensation and damages due the landowner. On the other hand, defendant contends the "front land-rear land" method must be used. Under this method, the landowner is awarded the value of the frontage actually taken, without regard for the value of the remaining land in the rear.
In our view, this legal issue has been settled. See State, Department of Highways v. Mertens, 273 So.2d 555 (La.App.3rd Cir. 1973) and the authorities cited therein. Our Supreme Court denied writs in the Mertens case, which applied the front land-rear land rule. On the same date, our highest court granted writs in State, Department of Highways v. Hoyt, 272 So.2d 768 (3rd Cir. 1973), in which a different panel of this court of appeal had rejected the front land-rear land rule and followed the before and after approach urged by the State. We construe this as a clear indication by our Supreme Court that the front land-rear land method is the proper one to use in these highway widening cases.
The general facts are that defendant owned a parent tract of 15.946 acres fronting on the south side of State Highway 1 about 2½ miles west of the city of Alexandria. From this the Department took a strip of land fronting 1,010.96 feet on the highway by an average depth of about 114 feet and containing 2.59 acres. The parent tract is unimproved, but the frontage, to a depth of about 200 feet, is best suited for "highway commercial" and the remainder in the rear for residential subdivision.
Plaintiff instructed its two expert appraisers, Mr. Darrel Van Willet and P. E. Futrell, Jr. to use only the before and after method described above. Using this method, the two appraisals are substantially the same. Based on sales of comparable property, they found the entire parent tract before the taking had a value of about $6,700 per acre or a total of $106,000. After the taking they valued it at approximately $89,000. The difference of $17,000 between these two figures is asserted to be *925 the amount of compensation due the landowner. The Department's experts based their appraisals entirely on the average per acre value of the parent tract as a whole and did not appraise the frontage separate from the rear.
The State's experts, Mr. Robert Wolf and Mr. Hab Monsur, were of the opinion that the highest use of the frontage on Highway 1 to a depth of approximately 200 feet was for commercial purposes. Mr. Monsur appraised the frontage taken to a depth of 117 feet at an average of about $95 per front foot for a total of $95,900 for the 1,010.96 feet. Mr. Wolf appraised the frontage to a depth of 117 feet at an average of $100 per front foot for a total of about $100,000 for the property taken.
The district judge did not follow the appraisals of either the State's or the landowner's experts. As we understand his written reasons, he recognized that the "front land-rear land" method must be used, rather than the average per acre method. Nevertheless, the court considered that the application of the front land-rear land method would result in a "windfall" to the owner. The court stated:
"It is a windfall and if she were paid $100.00 per front foot for this strip, she would be receiving almost the amount the entire tract is worth based on a straight acreage sale. If, however, you differentiate between people owning a substantial property after the taking and those whose entire property is taken, there has been a form of discrimination and a penalty assessed against someone who has had the foresight and/or thrift to acquire a larger tract."
The district judge then proceeded to value the frontage taken to a depth of 117 feet at $60 per front foot for a total of $60,600.
There is no basis in the record for the trial court's valuation of $60 per front foot for the property taken. As stated above, because of the special instructions given by the Highway Department to its experts, they gave no separate appraisals of the frontage which can be used as the basis for an application of the front land-rear land method. Thus, the only relevant expert testimony in the record is that of defendant's appraisers. See State v. Mertens, supra, where a similar situation was presented. We think the trial judge erred in not at least using the lower of the two appraisals submitted by defendant's experts, i. e., Mr. Monsur's appraisal of an average of about $95 a front foot or a total of $95,990. The court is not at liberty to substitute its own appraisal for those of the expert witnesses, when these appraisals are well reasoned and are not contradicted, State v. Ragusa, 234 La. 51, 99 So.2d 20 (1958); State v. McNeely, 130 So.2d 136 (La.App., 2d Cir. 1961); State v. Kemp, 141 So.2d 487 (La.App., 1st. Cir. 1962) and State v. Burleigh, 160 So.2d 782 (La.App., 3rd Cir. 1964).
For the reasons assigned, the judgment appealed is amended so as to increase the award to the landowner from the sum of $60,600 to the sum of $95,900, subject to a credit of $16,960 for the amount deposited. Otherwise, the judgment appealed is affirmed. The plaintiff appellant is assessed with such costs of this appeal as may be taxed against a state agency.
Affirmed, as amended.
HOOD, J., dissents for the reasons assigned in his dissent in State, Department of Highways v. Smith, 272 So.2d 746 (La.App. 3 Cir. 1972).