277 So.2d 525 (1973)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff and Appellee,
v.
Elbert HICKMAN, Defendant and Appellant.
No. 4155.
Court of Appeal of Louisiana, Third Circuit.
May 9, 1973.
*526 Holt, Wagner & Lee by Richard E. Lee, Pineville, for defendant and appellant.
Johnie E. Branch, Jr., La. Dept. of Highways, Baton Rouge, for plaintiff and appellee.
Before FRUGE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
Under LSA-R.S. 48:441 et seq., the State expropriated a strip of land from the front of defendant's property to widen an existing highway. Plaintiff deposited $36,550, of which $31,557 represented the value of the land and improvements taken, and $4,993 represented severance damages. The defendant answered, seeking $71,800 in compensation and damages. After a *527 trial, the district judge awarded $39,300, of which $7,500 represents the value of the land taken, $20,972 the improvements taken and $10,828 the severance damages to remaining improvements. Defendant appealed.
The issues concern the adequacy of the awards.
The parent tract is located on the east side of U. S. Highway 71 about six miles south of Alexandria. It fronts 465 feet on the highway, runs back between parallel lines approximately two miles and contains 113 acres. At the time of the taking, the property was being used as a residence and dairy farm. Most of the property along the highway in the area is used for similar purposes.
The State expropriated the entire frontage of 465 feet on the highway to a depth of 152 feet and containing 1.62 acres. Located on the strip of land taken were (1) the main residence, in which the defendant landowner resided, (2) a smaller house, in which the lessee of the property lived, (3) a garage and farm shed, (4) a milk room and dairy barn, (5) a metal shed, (6) driveways and walks, and (7) some fencing. Improvements located on property not taken consisted of (1) a tenant house, (2) a calf barn, (3) a concreted area, (4) a loafing and storage barn, and (5) some fencing.
The first issue is the value of the land taken. The State's expert, Mr. Darrel Willet, prepared a written report before trial in which he appraised the frontage to a depth of 200 feet, at $30 per front foot, including landscaping which enhanced its value as a homesite. On this basis his report showed the land taken had a value of $12,445. However, at the trial, and on instructions from the Highway Department, Mr. Willet used a different method of appraisal. He averaged the value per acre of the frontage, which was best suited for rural homesites, with the land in the rear, which was best suited for farming, and reached an average value of $700 per acre. On this basis, he appraised the 1.62 acres taken at $1,134 and the landscaping at $1,860 for a total of $2,994.
The defendant's expert, Mr. Donald Chambers, appraised the front land separate from the rear and found that the 1.62 acres taken, together with the landscaping and driveways, had a value of $14,625.
Our jurisprudence is now established that in these highway widening situations the value of the land actually taken must be awarded, rather than the average per acre value of the entire parent tract, State, Department of Highways v. Goudeau, 276 So.2d 923 (La.App. 3rd Cir. 1973) and the cases cited therein. Mr. Willet's appraisal based on this method, in his report prepared prior to trial, values the land taken at $12,445. The appraisal by Mr. Chambers based on this method is $14,625. Since Mr. Willet chose not to follow this method during his testimony at the trial, we find that as to the value of the land taken the testimony of Mr. Chambers should be given the most weight and, accordingly, we will use his figures. The district judge awarded only $7,500 for the land taken. This must be increased to $14,625.
The next issue is the value of the improvements taken as listed above. Mr. Willet appraised these improvements at $20,972. Mr. Chambers appraised them at $31,621. The district judge accepted the value found by Mr. Willet. In expropriation cases, much discretion is granted the trial judge in weighing the testimony of experts. His findings of value, based on such evidence, will not be disturbed unless clearly erroneous, State v. Donner Corporation, 236 So.2d 841 (3rd Cir. 1970). Hence, we affirm the award by the district judge for the improvements taken.
The final issue is the award for severance damages to the buildings not taken, as listed above. Both exports agree that after the taking these buildings, which were used in connection with the dairy *528 farm, will have no value whatsoever. However, the experts differ as to the value of these improvements at the time of the taking. Mr. Willet's appraisal is $10,828. That of Mr. Chambers is $24,594. Here again, we find no manifest error in the trial judge's evaluation of the expert testimony. Hence, we affirm the award for severance damages.
Recapitulating, we find plaintiff is entitled to the following compensation and damages:
Land taken, together with landscaping
and driveways ..................... $14,625.00
Improvements taken ................ 20,972.00
Severance damages to buildings .... 10,828.00
 __________
TOTAL ............................. $46,425.00
For the reasons assigned, the judgment appealed is amended so as to increase the award from $39,300 to the sum of $46,425, less the amount deposited. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff appellee, insofar as costs may be assessed against a state agency.
Affirmed, as amended.
HOOD, Judge (dissenting).
For the reasons assigned in the dissenting opinion handed down in State, Department of Highways v. Smith, 272 So.2d 746 (La.App. 3 Cir., 1972). I respectfully dissent from that part of the majority opinion which increases the amount of the award made by the trial judge for the property taken.