295 So.2d 490 (1974)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
GUARANTY REALTY CORPORATION, Defendant-Appellee.
No. 4503.
Court of Appeal of Louisiana, Third Circuit.
May 29, 1974.
Rehearing Denied June 26, 1974.
Frugé & Foret, Jack C. Frugé, Ville Platte, and Johnie E. Branch, Jr., La. Dept. of Highways, Baton Rouge, for plaintiff-appellant.
Edward A. Kaplan, Alexandria, for plaintiff-appellant.
*491 Provosty & Sadler by Richard B. Sadler, Jr., Alexandria, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Under LSA-R.S. 48:441 et seq., the State expropriated a strip of land from the front of defendant's property for the purpose of widening existing Louisiana Highway # 1 near Alexandria, Louisiana. Plaintiff deposited $44,992 as the value of the land and improvements taken. Defendant answered, seeking an increase to the sum of $253,427. After a trial on the merits, the district judge awarded a total of $251,607.80, including the amount deposited. Plaintiff appealed, contending the award is excessive.
There is no dispute as to the stipulated sum of $2,000 for improvements taken, nor as to the sum of $30,726 awarded by the court for a triangular parcel located at the intersection of Highway 1 and Enterprise Road, which was being used as a service station. The issues on appeal relate to: (1) The award of $218,881.80 for the strip of land fronting 2,432.02 feet on Louisiana Highway 1 by a depth of 95 feet; and (2) the allowance of interest at the rate of 7 percent, instead of 5 percent per annum, from the date of the taking.
Prior to the taking defendant owned a tract of land comprising 50.373 acres fronting on Louisiana Highway 1. The State took 5.668 acres, leaving a remainder of 44.705 acres. The east .327 acres of the property taken, that being the triangular parcel which was being used as a service station, was valued by all appraisers separately from the rest of defendant's property. The trial court awarded defendant $30,726 for that triangular parcel, and there is no dispute as to that award. There is a dispute as to the amount of the award made for the remainder of the property taken, fronting 2432.02 feet on the highway by a depth of 95 feet, and we limit our discussion of the value of the property taken to this remaining tract.
Two expert appraisers testified for the plaintiff. Both of them used two methods of valuing the property taken, one of which is frequently referred to as the "average land value" rule, and the other as the "front landrear land" rule. The jurisprudence of this state is now settled that when a part of a tract of land which fronts on a public highway is expropriated, the "front landrear land" rule, rather than the "average land value" rule, is the proper one to be applied in determining the value of the property taken. State, Through Department of Highways v. Hoyt, La., 284 So.2d 763 (1973).[1] For that reason we have not considered the appraisals which were made using the average land value method.
Mr. Darrel Willet, one of the appraisers for plaintiff, was of the opinion that the property in question had a value of $150 per front foot, to an ideal depth of 200 feet, for commercial development. He determined that this amounted to $.75 per square foot, that the front 95 feet comprised a total of 232,667.1 square feet, and hence that the strip of land taken by plaintiff has the value of $174,501.
The state's other appraiser, Mr. Thadius J. Toups, valued the land taken in substantially the same manner as did Mr. Willet, *492 and he also concluded that the property taken had a value of $.75 per square foot, or a total value of $174,501.
Defendant also presented two expert appraisers. Mr. Habeeb Monsur, Jr., agreed with Mr. Willet that the best use of the 2,432.02 foot frontage on the highway, to a depth of 200 feet, was for commercial development. He set a value of $125 per front foot to the depth of 200 feet. Mr. Monsur was of the opinion, however, that the first 95 feet taken had a value of $90 per front foot, and that the next 105 feet had a lesser value of $35 a front foot. Using a value of $90 per front foot for the 2,432.02 feet taken, to a depth of 95 feet, Mr. Monsur concluded that the strip taken had a value of $218,881.80.
Mr. Donald L. Chambers, the other appraiser for defendant, found that the strip of land taken, to a depth of 95 feet, had a value of $.93 per square foot, or a total value of $216,380.40.
The trial judge accepted the procedure followed by Mr. Monsur in appraising the property taken, and he assigned a value of $90 per front foot for the strip of land taken, to a depth of 95 feet. He thus awarded defendant $218,881.80 for the 2,432.02 foot frontage property. That amount, added to the awards made for improvements and the separate triangular parcel, made a total award of $251,607.80.
Judgment was rendered awarding defendant $249,607.80, less the sum of $44,992 previously deposited, leaving a balance of $204,615.80, with interest at the rate of 7 percent per annum from February 17, 1971, until paid. Judgment also was rendered awarding defendant the additional sum of $2,000 for the improvements taken, and stipulating that that award would bear no interest.
We have concluded that the trial judge erred in following the procedure used by Mr. Monsur in appraising the property. We think the procedure followed by Messrs. Willet and Toups was the one which should have been used.
Under the front landrear land rule, the part of the property fronting on the highway and extending back to an ideal depth is given a higher value because of its access to the highway. In this case the ideal depth for commercial development was considered by at least three of the appraisers to be 200 feet. We interpret that to mean that the property will have its highest market value per unit, that is, per square foot or per acre, if it extends to a depth of 200 feet. Usually, only a part of the property within that ideal depth is taken, and in some instances the strip taken is so shallow that it would have no market value at all. Under the front landrear land rule, however, courts have allowed the landowner the unit value, that is, the square foot or per acre value, for the part taken based on the value per unit computed to the ideal depth.
The procedure followed by Mr. Monsur here is not compatible with the front land rear land rule. It is inconsistent, for instance, to find that the ideal depth of the frontage property is 200 feet, but that the property has an even greater unit value at the lesser depth of 95 feet.
The evidence convinces us that the ideal depth of this property for commercial development is 200 feet. Since less than the whole of that 200 foot strip is being taken, we think the property should be valued on a square foot basis within that ideal depth, and that the area taken should be valued according to its value per square foot.
Mr. Willet and Mr. Toups used the correct procedure in appraising the property, and we conclude that the value which they placed on it is the correct value. The award made by the trial court for this *493 2,432.02 foot strip of frontage land thus must be reduced from $218,881.80 to $174,501.
The second issue is whether the trial judge erred in assessing interest at the rate of 7 percent per annum from the date of the taking, February 17, 1971, on the difference between the amount deposited and the amount awarded. Plaintiff contends the interest should be 5 percent, since this is the amount provided by LSA-R.S. 48:455.
This identical issue was presented in State, Department of Highways v. Mertens, 271 So.2d 280 (La.App. 3 Cir. 1973). In that case we decided Act 315 of 1970, which amended LSA-C.C. Article 1938 so as to increase the rate of legal interest from 5 percent to 7 percent, applied to the expropriation statute under which these proceedings were filed. In the present case the State requests that we re-examine our decision in Mertens. We have carefully reviewed the arguments and for the reasons stated in Mertens we reaffirm our decision there.
For the reasons assigned, that part of the judgment appealed from which awards defendant $249,607.80, less the sum of $44,992.00 previously deposited, leaving a balance of $204,615.80, is amended by reducing that award to the sum of $205,227.00, less the sum of $44,992.00 previously deposited, leaving a balance of $160,235.00, which amount shall bear interest at the rate of 7 percent per annum thereon from February 17, 1971, until paid. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellee.
Amended and affirmed.
CULPEPPER, J., concurs and assigns written reasons.
CULPEPPER, Judge (concurring).
It is my view that in these highway widening situations where the front land rear land rule is applied, the procedure to be followed in determining the award for a portion taken from the ideal frontage depends upon the facts and the expert testimony in each case. There is no one correct procedure which the courts must follow in every case.
In the present matter, three of the four experts who testified used the average per square foot method of determining the value of the front 95 feet taken from the ideal frontage of 200 feet. Therefore, I agree with the majority that this procedure should be followed in the present case. But, under different facts or different expert testimony, the procedure used by Mr. Monsur could be proper.
The district judge construed our decision in State, Department of Highways v. Mertens, 273 So.2d 555 (3rd Cir. 1973) as requiring that Monsur's method be used in every case. I do not think we intended this. In the Mertens case cited, the State's experts gave no appraisals using the front landrear land method. Hence, the only expert testimony in the record as to the value of the frontage taken was that of Mr. Monsur, who used a "per front foot" method. Yet the district judge did not follow Monsur's method. Instead, he used an average per square foot method. I think it is preferable to use the procedures and opinions of the experts in the case, where they are logical and reasonable, rather than the courts' own method. This is what I think we intended to say in Mertens.
For the reasons assigned, I concur.
NOTES
[1] The author of this opinion has consistently felt that the front landrear land rule is not the proper rule to be applied in cases of this kind, and that the use of that rule in valuing the property being taken can seldom operate to place the landowner in the same position pecuniarily as he would have been had his property not been taken. See dissent in State, Department of Highways v. Smith, 272 So.2d 746 (La.App. 3 Cir. 1972). I concede, however, that in view of the decision rendered in State, Through Department of Highways v. Hoyt, supra, the jurisprudence of this state has been settled to the effect that the front landrear land rule is the proper rule to be applied in appraising a tract of land being expropriated when it comprises a part of a larger tract which fronts on a public highway.