MILLER, Judge.
Plaintiff, State of Louisiana through the Department of Plighways, appeals the trial court judgment awarding defendant Chester D. Wells $94,750 as the fair market value of his expropriated strip of land and as severance damages to his remaining tract. We reverse and set aside the award of $11,250 as severance damages and affirm the balance of the avvard.
This case was consolidated for trial and appeal purposes with State Through Department of Highways v. Chester D. Wells, et al, 298 So.2d 304 (La.App. 3 Cir. 1974) handed down this date.
The Department initiated these expropriation proceedings on September 24, 1969 pursuant to our quick-taking statute, LSA-R.S. 48:441 et seq. Well’s property fronted Louisiana Highway 71 better known as MacArthur Drive for a distance of 300 feet. The Department contends that his tract had a depth of 280 feet and extended to a point under Bayou Robert. Wells contended that Bayou Robert was at one time navigable and since his tract is bounded by the Bayou, he has less than 280 feet in depth. The Department took the front 154 feet or 1.05 acres of the 2.367 acre tract (according to the Department) or of the 1.85 acre tract (according to Wells). The value of the taken improvements was stipulated to be $16,000.
The Department deposited $58,525 as just compensation for the 1.05 acre tract including improvements and alleged that no severance damages were due. Some months later, the Department reduced its appraisal to $46,608. Wells answered claiming $140,000 as the value of the taken property and $15,000 in severance damages.
The Department’s position was presented at trial through the testimony of its experts, Perry E. Futrell, Jr., and Norman Terry. The Department also had Darrel Willet appraise the property but failed to produce him or to explain his absence at trial. Futrell and Terry did not value the taken tract separately. Rather, they both employed the “before and after” or “average unit value” appraisal technique. Under this method, the value of the entire tract before the taking is determined, and the property is given a unit value. Damages under this method are computed by multiplying the unit value by the number of units taken or by subtracting the value of the land after the taking from its before value. This technique varies significantly from the “front land — rear land” method where the front land is recognized as being more valuable than land which does not front the highway.
The trial judge rejected the State’s appraisal methods finding that the front land method of appraisal more properly reflected the actual market value of the expropriated property. State, Through Department of Highways v. Hoyt, 284 So.2d 763 (La.1973). The trial judge’s factual determination will not be overturned absent manifest error. His task in evaluating the expert testimony was to make a fact finding as to value of the taken property and severance damages.
We find no manifest error in the trial court’s written reasons rejecting the conclusions of the Department’s experts. This finding is supported by the Department’s unexplained failure to present testimony of their expert Darrel Willet who appraised this property for the Department.
The trial judge found the parent tract to contain slightly less than two acres based upon a finding that Bayou Robert was at one time navigable. We find no error in this determination.
Futrell valued the parent tract at $69,000 or $29,150 per acre while Terry appraised *303 it at $75,000 or $31,000 per acre. Futrell estimated just compensation at $30,608 for the land taken while Terry set the value at $33,270.
The trial judge accepted Monsur’s valuation of $225 per front foot to a depth of 154 feet. This represented a total of $67,500 for the 300 feet of frontage. The trial judge also found that Wells was entitled to severance damages in the amount of $11,250.
Three errors were specified. The Department asserts that the trial court erred in finding that Monsur appraised the property on the “front land” basis, and that the Department’s witnesses used the “before and after” method. Second, it alleges the trial court erred in finding the unit value of the taken tract to be greater than the unit value of the whole property. Third, the Department alleges no severance damages were due.
The Department first contends that Monsur’s front foot appraisal was based upon the value of the entire parent tract to a depth of 300 feet. Monsur set a $300 per front foot value on the property to its entire depth. He also assigned an optimum depth of 150 feet for highway commercial frontage at this point on MacArthur Drive. Monsur gave good and convincing reasons for assigning the $225 front foot value to a depth of 150 feet. His comparables were impressive. We find no manifest error in the trial court’s acceptance of Monsur’s appraisal.
We reject the Department’s contention that its appraisers used the front land concept in appraising the taken tract. Futrell and Terry both testified time and time again that they did not value the taken tract separately.
The second specification of error is based largely upon the decision in State v. Hoyt, supra, particularly the language appearing at 284 So.2d 765. The Department urges that Monsur’s unit value per square foot over the entire, tract was $1.00, while the value of the taking, he alleged, was $1.40 per square foot. The Department contends that Hoyt requires that the average unit value of the use tract be first determined, then the expropriated portion is to be assigned the value which bears the same proportion to the overall value of the use tract as its size bears to the size of the entire use tract.
In making this argument, the Department ignores the trial judge’s acceptance of Monsur’s opinion that 150 feet is the ideal depth of highway commercial property in this area.
The difference of four feet between the depth actually taken and the optimum is so insignificant that Wells did not attempt to prove higher value for the extra four feet. We find no error in the trial judge’s holding that 150 feet is the optimum depth for commercial property in this area. The higher valuation for the front land is logical and consistent with the “front land — rear land” technique of appraisal.
There is merit to the Department’s third specification of error. In awarding severance damages, the trial judge accepted Monsur’s opinion that these damages were sustained because the new highway was being elevated some U/2 to 2i/£ feet above the subject property; the remaining tract was marshy land; and the 120 feet of remaining depth was less than optimum depth for highway commercial usage. Monsur testified that the remaining tract had a value of 70 cents per square foot before the taking and after the taking it had a value of 35 cents per square foot; that prior to the taking the tract was worth $22,500 and after the taking the tract was worth $11,250.
No special benefits were proven which would increase the value of the remaining property. Both Department experts testified that no severance damages were suffered by the remaining tract.
*304 We find manifest error in the award of $11,250 as severance damages. Monsur testified that the remaining property could be cured by an expenditure of about $1.00 per square foot. It would then have a value of from $1.50 to $2.00 per square foot. Based upon this testimony we cannot agree that the taking reduced the value of the remaining tract below 70 cents per square foot.
Having denied severance damages for the foregoing reasons, we pretermit consideration of whether or not severance damages can be awarded for the “back land” under all conditions when the “front land —rear land” approach is used to appraise damages sustained by the “front land”.
The award of $11,250 as severance damages is reversed and set aside. The award of $67,500 for the taken tract and $16,000 for the improvements is affirmed. Costs of this appeal are taxed one-half to appellant and one-half to appellee.
Affirmed in part; in part reversed and rendered.