MILLER, Judge.
Plaintiff, State of Louisiana through the Department of Highways, appeals the trial court judgment awarding defendants Chester D. Wells et al. $145,250 as the fair market value of a strip of land expropriated for highway purposes. We amend and affirm.
This case was consolidated for trial and appeal purposes with State Through Department of Highways v. Wells, 298 So.2d 301 (La.App. 3 Cir. 1974) handed down this date.
Wells’ 9.9 acre tract fronts Louisiana Highway 71, better known as MacArthur Drive, a distance of 830 feet. The Department took 830 feet of frontage to an average depth of .90 feet. The entire tract had no topographical irregularities and was zoned industrial at the time of the taking. Improvements on the property were valued at $15,000 by all parties.
The Department originally deposited $81,096 as its estimate of just compensation but later reduced their estimate to $42,525. Wells answered claiming the value of the taken tract was $220,000. Both agreed that no severance damages were due.
The frontage, to a depth of 150 feet, was best suited for highway commercial usage. The Department’s experts, using the “before and after” or “unit price” method, estimated the value of the parcel taken at $26,505 (Futrell) or $28,250 (Terry). Their evaluations were based on comparable sales in the area.
Monsur, Wells’ expert, based his opinion on comparables in the area. He valued the land at $225 per front foot to a depth of 150 feet. Since the property taken was to a depth of only 90 feet, Monsur lowered his estimate to $175 per front foot to that depth which totaled $145,250 for the value of the taken tract. Monsur did not consider the value of the remaining property in his estimate, just as the Department’s experts did not separately consider the value of the part actually taken.
The trial judge found that only Monsur applied the proper technique in valuing the taken tract. The court found that his tes *306 timony was uncontradicted and allowed $145,250 as just compensation for the taken tract. Adding the $15,000 stipulated as the value of improvements, the award totaled $160,250.
Three errors were specified. The first error asserted is the failure of the trial judge to consider the Department’s experts’ testimony showing that landowners had erroneously applied the “front-land rear-land” method of appraisal. The second is the trial judge’s failure to deduct market costs required to sell the front property. The third error alleged is the trial court’s use of an improper formula in computing the value of the front land actually taken.
We reject the Department’s first contention finding this to be an attempt to add a new dimension to proof in expropriation cases of the type so frequently presented to this court. The Department assigned its experts to the task of making a land use study of the area in question. This showed a demand for large acreage tracts for commercial or industrial development. The Department’s experts testified that if Wells were to parcel out his front land separately from his rear land, he would in the long run actually lose money in developing this tract. In essence, the Department attempted to show that the most prudent return on the tract, at the date of the taking, would have been by marketing it as a large size commercial tract, rather than by selling highway frontage to a depth of 150 feet.
Before answering this argument, we again take note of the wide discretion accorded the trial court in his evaluation of witnesses’ credibility. The fact that the Department had a valid theory does not have the effect of resurrecting their testimony where the trial judge has initially made a negative finding of credibility. In this case we fail to find manifest error in the trial court’s refusal to apply the Department’s theory.
While the Department’s experts testified as to the existence of a great demand for large tracts, they admitted on cross examination that small commercial tracts were found in the area. There is no manifest error in the trial court’s finding that the taken tract had a substantially higher value than the remainder of the parent tract.
We do not say that such a land use study is without probative value. In this regard we note that the trial judge committed harmless efror in his refusal to consider rebuttal testimony offered by the Department in furtherance of this theory. The content of that testimony is in the record before us under a proffer of proof.
There may be cases where the rear land is so interrelated with the front as to establish a homogeneous nature and value in excess of the front land value. Given that set of facts the Department’s theory would apply. Nevertheless, the trial court’s rejection of the theory is supported by the evidence.
The second alleged error is based upon Terry’s description of the marketing costs inherent in a front-land development scheme. This evidence indicated that Wells could not have profitably developed the front land. Terry stated that a prudent purchaser would have to consider development expenses, interest, and the time factor involved in selling commercial lots. Considering these factors, Terry concluded that a prudent buyer would pay no more than $110,834 for the entire frontage to a depth of 150 feet.
We reject this argument on finding that Monsur’s appraisal was based upon the willing buyer-willing seller concept inherent in a definition of fair market value. The basic plan in the discount method was to reduce the value of the land by deducting real estate commissions for the sale of the property and discounting the value on the belief that Wells could not immediately develop and sell all frontage property.
*307 Conceding that discounts are relevant, we are confronted with the same problem of credibility. Nothing in the record establishes that Monsur did not consider development costs in arriving at his figure. Terry did not evaluate the value of the front land separately. He merely used Monsur’s figures as a starting point for establishing discounts. It was not established that Monsur did not utilize these same discounts in arriving at his valuation. There is no error in the trial court’s rejection of this contention.
 We find merit to the third specification of error that the trial .court used an improper basis of computation in arriving at the value of the 90 foot by 830 foot tract. Monsur testified that the value of the front land was $225 per front foot to a depth of 150 feet. Since only 90 feet were taken, Monsur should have appraised the taken tract at 90/150 of $225 per front foot. State, Through the Department of Highways v. Guaranty Realty Corporation, 295 So.2d 490 (La.App. 3 Cir. 1974). Since less than the ideal depth of 150 feet was taken, the property should be valued on a square foot basis within that ideal depth. State, Through Department of Highways v. Hoyt, 284 So.2d 763 at 765 (La.1973).
Instead, Monsur testified that the value of the frontage to a depth of 90 feet was $175 per front foot and the remaining 60 feet was valued at $50 per front foot. We reject the theory that within the front land property which is the ideal use tract, there is to be assigned a higher value for the front portion.
Our calculations reveal that an 83(y x 150' tract contains 124,500 square feet. At-$225 per front foot, the whole 830' frontage to a depth of 150' would be worth $186,750. This amounts to a value of $1.50 per square foot. 74,700 square feet have been expropriated. At $1.50 per square foot, the value of the taken portion is $112,050.
The award for the taken tract is reduced from $145,250 to $112,050. The award for improvements remains at $15,000. As amended the trial court judgment is affirmed. Costs of this appeal are taxed one-half to appellant and one-half to appel-lees.
Amended and affirmed.